■ In the Matter of ANNA M. MORRIS, Respondent, v. SALEM FARM SUPPLY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision filed February 12, 1973 affirmed, with costs to the Workmen's Compensation Board. No opinion. Appeal from decision filed April 30, 1973 dismissed, without costs. (See *Matter of Ellis* v. *Associated Transp.*, 39 A D 2d 1002.) Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.

■ In the Matter of CHARLES L. WILLIAMS, Petitioner, v. VINCENT L. TOFANY, as Commisioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's driving license for refusal to submit to a chemical test following his arrest for driving while intoxicated. It is not disputed that, on May 13, 1973 at about 3:00 A.M., a State Police officer observed a vehicle owned by the petitioner standing partly in a ditch and partly on the edge of a highway. The State Police officer testified that he observed a group of people and when he asked for the operator of the standing vehicle, the petitioner identified himself as such and stated that he had backed it into the disabling position and that a tow truck was coming. The officer further testified that he thereafter observed that the petitioner had a strong odor of alcohol on his breath, was swaying while walking or standing, and that his face was pale, whereupon he arrested the petitioner for driving while intoxicated. He then testified that he thereafter requested the petitioner to submit to a test for intoxication and advised him of the consequence of having his license revoked if he refused. The petitioner refused the test and his license has now been revoked for such refusal by the respondent. (Vehicle and Traffic Law, § 1194.) At the referee hearing, the petitioner contended that he was not in fact the operator of the motor vehicle and raised other factual issues which were determined against him upon the testimony of the police officer and the petitioner's contentions in this proceeding in regard to a lack of substantial evidence as to the identity of the operator of the vehicle are without merit. The position of the car upon the highway in a disabled condition established an accidental happening and the appearance of the petitioner, coupled with his admission that he had been the operator, constituted a reasonable basis for the arrest of the petitioner for driving while intoxicated. (See Vehicle and Traffic Law, § 1193; *Matter of Van Wormer* v. *Tofany*, 28 A D 2d 941; cf. *Matter of June* v. *Tofany*, 34 A D 2d 732.) The determination of the respondent is supported by substantial evidence. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.