■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v KENNETH C. DEXTER, Appellant.—Appeal from a judgment of the County Court of Madison County, rendered March 3, 1975, upon a verdict convicting defendant of the crime of operating a motor vehicle while having .10 of one per centum or more, by weight, of alcohol in his blood, a felony, in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. The record shows that a police officer, sent to the scene in response to a telephone call, was informed by a person he met there that his car had been forced off the road by defendant's vehicle and that his wife had called the police. The officer found defendant's vehicle 25 to 30 feet off the public highway and noted skid marks leading across both sides of the road and into a field and ending at the defendant's automobile. The officer observed that the defendant was staggering; that his face was flushed and his eyes were watery. He

also smelled a strong odor of alcohol coming from the defendant. After a brief interview in which defendant admitted he had been drinking, he was arrested. A second officer arrived during the interrogation and, at the request of the arresting officer, transported the defendant to police headquarters where he gave the defendant what are known as the "chemical test warnings" and defendant agreed to submit to a breathalyzer test. While the test was being administered, the arresting officer arrived at the station and witnessed the test which disclosed defendant's blood alcohol content was .20 of one per centum. We find that there was probable cause to arrest the defendant and, therefore, the results of the chemical test were admissible on the trial. The circumstances in which defendant's car was found by the arresting officer can be fairly equated with an "accident" as that word is used in section 1193 of the Vehicle and Traffic Law (Matter of Williams v Tofany, 46 AD2d 708). We find also that the manner in which the chemical test was administered is not proscribed by section 1194 (subd 1, par [1]). The transporting officer knew defendant had been arrested for driving while intoxicated and was requested by the arresting officer to bring the defendant to police headquarters. The request must be deemed to have included that the transporting officer follow through with the regular procedure of having a person arrested for driving while intoxicated take a breathalyzer test. Moreover, as noted, the arresting officer came to the station and witnessed the test being administered. The trial court's failure to charge the jury that the defendant could be found guilty of driving while impaired in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law did not constitute error. The record indicates that defendant neither requested such a charge as a lesser included offense nor objected to the charge which did not include such an instruction. CPL 300.50 (subd 2) provides that in the absence of a request to so charge, the court's failure to submit such offense does not constitute error. Defendant's remaining contention that the evidence is insufficient to support the conviction is without merit. Judgment affirmed. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ, concur.