TOPE v HOWE

Docket No. 107866. Submitted June 20, 1989, at Lansing. Decided
August 7, 1989.

Dorothy and James Tope brought an action in Ingham Circuit
Court against Meridian Township police officers Richard L.
Howe and Randy Kindy. Plaintiffs alleged claims of false
arrest, false imprisonment, assault and battery, intentional
infliction of emotional distress, and violations of the Fourteenth
Amendment and the federal civil rights act (42 USC 1983). All
claims relate to Dorothy Tope's arrest for the misdemeanor
offense of operating a motor vehicle while under the influence
of intoxicating liquor. The arrest was made without a warrant
at the plaintiffs' home in the course of an investigation made
by Officer Howe immediately after a homeowner lodged a
complaint with the police that an intoxicated woman had
driven her automobile onto his front lawn. A check of the
license plate number reported to the police by the homeowner
indicated James Tope to be the registered owner and the Topes'
address, where Officer Howe examined the automobile and both
officers were admitted by plaintiffs into their home. The trial
court, Carolyn Stell, J., granted summary disposition in favor
of plaintiffs on their claims for false arrest and imprisonment,
denied motions by both parties for summary disposition of the
assault and battery claim, granted summary disposition in
favor of defendants on the intentional infliction of emotional
distress claim, and denied motions by both parties for summary
disposition of the claims for violations of the Fourteenth
Amendment and 42 USC 1983. Defendants appealed and plain-
tiffs cross appealed.

The Court of Appeals *held*:

1. Under MCL 257.625(1); MSA 9.2325(1) and MCL
764.15(1)(h); MSA 28.874(1)(h), a person may, following an

REFERENCES

Am Jur 2d, Arrest §§ 26 *et seq.*, 81, 86 *et seq.*; Automobiles and
Highway Traffic § 304; Civil Rights § 269; Damages §§ 251 *et seq.*;
False Imprisonment § 7; Searches and Seizures §§ 16, 46 *et seq.*

What amounts to violation of drunken-driving statute in officer's
"presence" or "view" so as to permit warrantless arrest. 74
ALR3d 1138.

automobile accident, be arrested by a peace officer without a warrant and charged with the misdemeanor offense of operating a motor vehicle while under the influence of intoxicating liquor or a controlled substance when the peace officer has reasonable cause to believe that the person was, at the time of the accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public. In this case, the trial court erred in determining that the incident which occurred on the homeowner's lawn was not an accident for purposes of the statutes.

2. The facts and circumstances in this case provided Officer Howe with reasonable cause to believe that Dorothy Tope was the driver of the automobile that ran onto the homeowner's lawn and that Dorothy Tope was intoxicated when she did so. Contrary to plaintiffs' argument, the statutes do not provide that an arrest pursuant to the statutes may be made only at the scene of an accident.

3. The officers had obtained plaintiffs' consent before the officers entered plaintiffs' home. Dorothy Tope's misdemeanor arrest without a warrant did not violate the Fourth Amendment.

4. Plaintiffs cannot prevail on their claims for false arrest and imprisonment as they cannot make a showing under the circumstances in this case that the arrest was unlawful.

5. A police officer may use reasonable force when lawfully arresting an individual if the individual resists arrest. Here, plaintiffs' claim for assault and battery against both of them is not supported by the evidence they presented and the record indicates that the officers used reasonable force to effectuate the arrest in the face of resistance by Dorothy Tope.

6. Plaintiffs failed to present evidence in support of their claim that the officers intended to inflict emotional distress upon them when they made the arrest.

7. Because reasonable cause existed for the arrest, plaintiffs cannot properly claim that violations of the Fourteenth Amendment and 42 USC 1983 resulted from the arrest.

Affirmed in part, reversed in part, and remanded. On remand, the trial court shall grant summary disposition in favor of defendants on the claims for false arrest and imprisonment, assault and battery, and violations of the Fourteenth Amendment and 42 USC 1983.

1. CRIMINAL LAW — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — ARREST WITHOUT WARRANT.

A person may, following an accident, be arrested by a peace

officer without a warrant and charged with the misdemeanor offense of operating a motor vehicle while under the influence of intoxicating liquor or a controlled substance when the peace officer has reasonable cause to believe that the person was, at the time of the accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public (MCL 257.625[1], 764.15[1][h]; MSA 9.2325[1], 28.874[1][h]).

2. WORDS AND PHRASES — ACCIDENT.

An accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected.

3. CRIMINAL LAW — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — ARREST WITHOUT WARRANT — ACCIDENT.

For purposes of the statutes which allow a peace officer, following an automobile accident, to arrest without a warrant a motorist involved in the accident for operating a motor vehicle while under the influence of intoxicating liquor, a motorist is involved in an accident where his vehicle leaves the roadway and proceeds onto the lawn of a private property owner (MCL 257.625[1], 764.15[1][h]; MSA 9.2325[1], 28.874[1][h]).

4. CONSTITUTIONAL LAW — ARREST — SEARCHES AND SEIZURES.

An arrest without a warrant inside a private home is improper and unreasonable under the Fourth Amendment in the absence of exigent circumstances or consent to the entry; a trial court must examine the totality of the circumstances in determining the validity of a consent (US Const, Am IV).

5. TORTS — FALSE ARREST.

A plaintiff, to prevail on a claim for false arrest or imprisonment, must show that the arrest was not legal, that it was not based on probable cause.

6. ARREST — REASONABLE FORCE — RESISTING ARREST.

A police officer may use reasonable force when lawfully arresting an individual if the individual resists arrest.

7. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

A showing of conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized

community must be made in order to recover on a claim of intentional infliction of emotional distress.

8. CIVIL RIGHTS — ARREST — PROBABLE CAUSE.

A plaintiff may not recover for a violation of his civil rights arising out of an arrest if probable cause to arrest is established (US Const, Am XIV; 42 USC 1983).

*Glassen, Rhead, McLean, Campbell & Bergamini* (by *Jaye M. Bergamini*), for plaintiffs.

*Kaufman & Payton* (by *Donald L. Payton* and *Jo Robin Davis*), for defendants.

Before: WAHLS, P.J., and DOCTOROFF and BRENNAN, JJ.

DOCTOROFF, J. In this case, we are called upon to interpret the provisions of the drunk driving statutes relating to arrest without a warrant, MCL 257.625(1); MSA 9.2325(1) and MCL 764.15(1)(h); MSA 28.874(1)(h). Defendants appeal by leave granted from a March 14, 1988, order denying their motion for summary disposition and granting plaintiffs' countermotion for summary disposition on plaintiffs' claims of false arrest and false imprisonment. Plaintiffs cross appeal the court's denial of their motions for summary disposition on their claims of assault and battery and intentional infliction of emotional distress. Both parties appeal the court's denial of summary disposition to either party on plaintiffs' claim of violations of the Fourteenth Amendment and 42 USC 1983. We affirm in part, reverse in part and remand for proceedings consistent with this opinion.

The record on appeal consists of the original papers filed in the lower court, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced. MCR 7.210(A)(1). Our review of the record supports the

following facts. On October 9, 1983, as he was preparing to have an early afternoon dinner, Daniel Fuhrman looked out the window of his Meridian Township home and saw a large brown car on the front lawn. As he started to run out the front door, the car backed onto the street and began moving toward the intersection. Fuhrman ran after the car and reached it at a stop sign. He knocked on the window and, as it was rolled down, began yelling at the woman who was driving. She repeatedly apologized and then drove away.

Fuhrman returned to his house and telephoned the Meridian Township police department. Although he had not detected the odor of alcohol, he felt the woman was under the influence of drugs or alcohol because her eyes were red and watery, her face was red, she seemed to be experiencing more distress than normal under the circumstances and because she had driven onto his lawn "on a bright autumn afternoon for no apparent reason."

Officer Richard L. Howe was dispatched to the Fuhrman home at approximately 4:00 P.M. Upon his arrival, he met Fuhrman outside the house. Fuhrman informed Howe that an intoxicated female driver had just driven over his lawn and that he had spoken with her. Howe noticed three ruts in the lawn. Fuhrman gave Howe the license number of the vehicle. However, he did not recall giving the officer a description of the woman.

Howe called the license number into the dispatch office and within two minutes received the identity and address of the vehicle's owner, plaintiff James Tope. Howe proceeded directly to the apartment complex identified as the owner's address and found the automobile in the parking lot. There was mud and dirt on the back wheel wells.

Howe went to the plaintiffs' apartment and knocked on the door.

When a woman answered the door, Howe identified himself and was invited in. The woman's husband was also present in the apartment. Howe stated he was investigating an accident that had just occurred and requested the woman's driver's license. The woman refused to produce her driver's license. Howe asked her to identify herself and again she refused. Howe told the woman that she was a suspect in the accident and, under the law, was required to identify herself and to produce a driver's license, vehicle registration and certificate of insurance. The woman still refused. She and her husband asked Howe if he had a search warrant. Howe replied that, because he was invited into the apartment, a search warrant was not necessary. He explained this was an ongoing investigation to identify the driver and that he was not searching for anything. Howe then told the woman he could arrest her for drunk driving and that he had a witness who could identify her.

Howe could not persuade the woman to cooperate, so he called for backup. Officer Randy Kindy arrived shortly thereafter. Kindy was also unsuccessful in persuading the woman to cooperate. Thus, she was placed under arrest for driving under the influence of alcohol. As Howe started to handcuff the woman, she began to resist and slumped to the floor, screaming. The woman's husband started to come to her assistance, but Kindy told him to stay back and stay out of it. The man complied. The officers grabbed the woman's arms and, as she continued to struggle, they wrestled with her a bit, handcuffed her and raised her to her feet. She was placed in the police car and taken back to Fuhrman's house where he positively identified her as the driver of the vehicle

and the person with whom he spoke at the stop sign. The woman was then taken to the police station for a Breathalyzer test. After they arrived at the police station, Howe obtained a positive identification that the woman was plaintiff, Dorothy Tope.

Howe testified that, when he went to plaintiffs' apartment, he did not have a physical description or the name of the woman driver. However, he believed he had approached the right person because not only was the vehicle registered and parked at that address, but the woman's refusal to cooperate, her belligerent behavior, bloodshot eyes and appearance and the strong odor of alcohol on her person convinced him that he was talking with the person who had driven the vehicle at the time of the accident and that she was highly intoxicated and would have been unable to control a vehicle. Howe testified that the time between the call to the police station and his arrival at plaintiffs' apartment was approximately ten to fifteen minutes.

Dorothy Tope was charged with driving while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325. The charge was dismissed prior to trial.

Plaintiffs then filed their complaint alleging false arrest, false imprisonment, assault and battery, intentional infliction of emotional distress and violations of the Fourteenth Amendment and 42 USC 1983.

Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (10), alleging that, because the arrest of Dorothy Tope was lawful, plaintiffs' allegations were invalid as a matter of law. In their answer to defendants' motion, plaintiffs contended that the arrest was unlawful, defendants' motion should be denied and

plaintiffs should be granted summary disposition. Following a hearing, the court found there was no basis for an arrest without a warrant for the misdemeanor of operating a motor vehicle under the influence of liquor or a controlled substance because the events of October 9, 1983, did not constitute an "accident" within the meaning of MCL 257.625(1); MSA 9.2325(1) and MCL 764.15(1)(h); MSA 28.874(1)(h). The court denied defendants' motion for summary disposition on the counts of false arrest and false imprisonment and granted summary disposition to plaintiffs on these counts. The court denied summary disposition to both parties on assault and battery and violations of the Fourteenth Amendment and 42 USC 1983 claim based upon its finding that questions of fact remained for the trier of fact. Determining that the standard of outrageous and extreme conduct required to sustain a claim for intentional infliction of emotional distress was not met by plaintiffs' allegations, the court granted defendants' motion for summary disposition on that count.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. When passing on such a motion, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. The party opposing summary disposition has the burden of showing that a genuine issue of disputed fact exists. Giving the benefit of reasonable doubt to the nonmoving party, the court must determine whether the kind of record which might be developed will leave open an issue upon which reasonable minds might differ. The appellate court is liberal in finding a genuine issue of material fact. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

In order to resolve defendants' claims on appeal

and plaintiffs' claims on cross appeal, we must first determine whether the events of October 9, 1983, constituted an "accident" within the meaning of MCL 257.625(1); MSA 9.2325(1) and MCL 764.15(1)(h); MSA 28.874(1)(h). These two statutes provide for an arrest without a warrant on the misdemeanor charge of driving under the influence of intoxicating liquor "when the peace officer has reasonable cause to believe that the person was, at the time of an *accident,* the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public." (Emphasis added.)

There is no Michigan case which defines an accident in connection with these two statutes. However, applying the definition of an accident as found in Michigan decisions relating to insurance issues and decisions from other states involving statutes virtually identical to the Michigan statutes quoted above leads us to the conclusion that the occurrence at the Fuhrman home was an accident within the meaning of the Michigan statutes.

In *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12, 18-19; 123 NW2d 143 (1963), the Court defined an accident as an "undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." See also *Century Mutual Ins Co v Paddock,* 168 Mich App 747, 751; 425 NW2d 214 (1988). Although this definition was promulgated in an insurance context, we have no reason to believe a different definition would prevail in the context of driving under the influence of intoxicating liquors or controlled substances.

States which have statutes similar to Michigan's, and which authorize an arrest without a

warrant when a person is reasonably believed to have been driving while under the influence of liquor or drugs, have adopted substantially the same definition. In *Cowman v Dep't of Motor Vehicles,* 86 Cal App 3d 851; 150 Cal Rptr 559 (1978), where the intoxicated defendant unexpectedly drove his car off the highway down a six-foot embankment and came to rest in the sand, the court upheld an arrest without a warrant of the driver, deeming the occurrence to have been an accident within the meaning of that state's substantially similar statute. In *People v Dexter,* 49 AD2d 981; 374 NYS2d 727 (1975), the court upheld an arrest without a warrant where the intoxicated defendant's stopped vehicle was found twenty to thirty feet off the public highway with skid marks leading across both sides of the road and into a field and ending at the automobile. The court held that the circumstances in which the defendant's car was found constituted an accident within that state's substantially similar statute. In *State v DuBray,* 298 NW2d 811 (SD, 1980), where the intoxicated defendant was found asleep in a car which had left the roadway and struck a picket fence, the court held this to be an accident within the statute which authorized an arrest without a warrant when a police officer "has probable cause to believe that the person to be arrested has been involved in a traffic accident" while intoxicated.

Based upon the preceding analysis, we conclude that, when Dorothy Tope's vehicle left the roadway and drove across Fuhrman's property leaving ruts in his lawn, an "accident" occurred for purposes of MCL 257.625(1); MSA 9.2325(1) and MCL 764.15(1)(h); MSA 28.874(1)(h). Thus, the trial court was incorrect in basing its decision on the finding that the events of October 9, 1983, did not consti-

tute an accident within the meaning of the statutes.

Having concluded that the incident was an accident, we now turn to the parties' issues concerning Dorothy Tope's arrest. On cross appeal, plaintiffs contend that, even if the occurrence was an accident, an arrest without a warrant is not permitted under the statutes except at the scene of an accident. Plaintiffs aver that an examination of the legislative history of the statutes in question will reveal a legislative intent that under the statutes a police officer may make an arrest without a warrant only at the scene of an accident. We disagree.

Prior to the passage of 1978 PA 391 (MCL 257.625; MSA 9.2325) and 1978 PA 384 (MCL 764.15; MSA 28.874), a peace officer could arrest without a warrant for a misdemeanor only when the misdemeanor was committed in his presence. MCL 764.15(a); MSA 28.874(a); *People v Dixon,* 392 Mich 691, 695; 222 NW2d 749 (1974); *People v Burdo,* 56 Mich App 48, 51; 223 NW2d 358 (1974); *Gallagher v Secretary of State (On Rehearing),* 59 Mich App 269, 272; 229 NW2d 410 (1975), lv den 394 Mich 818 (1975). Under the statutory revisions, a police officer may, without a warrant, arrest a person "when the peace officer has reasonable cause to believe that the person *was, at the time of an accident,* the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public" while under the influence of alcohol or drugs. (Emphasis added.)

Before looking to the legislative history and other aids to statutory interpretation, as plaintiffs urge us, consideration should be given to the plain language of the statute. *Luttrell v Dep't of Corrections,* 421 Mich 93, 101; 365 NW2d 74 (1984).

When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning is precluded. The Legislature must have intended the meaning it plainly expressed and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983); *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). Where an ambiguity exists in a statute, a court may refer to the history of the legislation in order to determine the underlying intent of the Legislature. *Lutrell,* p 103.

We find the statute to be clear and unambiguous and not requiring an examination of its legislative history. 1978 PA 391 and 1978 PA 384 create a "limited exception" to the "in his presence" requirement so as to provide for the arrest without a warrant of a drunk driver involved in an accident based upon reasonable cause. See *People v Brooks,* 405 Mich 225, 258; 274 NW2d 430 (1979) (LEVIN, J., dissenting). Had the Legislature intended to modify the statute so that an arrest without a warrant could be made only at the *scene* of an accident, it would have so stated. Instead, it provided that the police officer must have reasonable cause to believe that, *at the time* of the accident, the driver involved in the accident was intoxicated.

Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's knowledge at the time of the arrest are sufficient to a prudent person, or one of reasonable caution, to believe that the suspect has committed or is committing a crime. Mere suspicion is insufficient. The facts must create an actual belief in the mind of the arresting officer. *People v Oliver,* 417 Mich 366, 374; 338 NW2d 167 (1983), reh den 418 Mich 1201 (1984); *People v O'Neal,* 167 Mich App 274, 280-281; 421 NW2d 662 (1988).

Under the facts and circumstances of this case, we conclude that Officer Howe had reasonable cause to believe that Dorothy Tope was the driver of the vehicle which ran onto and over Fuhrman's front lawn and that she was intoxicated at the time of the accident. The accident occurred on a clear, bright autumn day. Howe observed the damage done to Fuhrman's lawn. Fuhrman told Howe he had spoken with the woman driver and that she appeared to be intoxicated or on drugs. Howe obtained the license number of the vehicle involved. He immediately received the name and address of the vehicle's owner and located the vehicle parked outside the indicated address. The car evidenced mud and dirt on the back wheel wells. The woman at the address was visibly intoxicated, belligerent and uncooperative. Approximately ten to fifteen minutes had passed between the time the original call to the police was made and Howe's entrance into plaintiffs' apartment.[1]

Howe's testimony sufficiently reveals his actual belief that Dorothy Tope was the driver of the vehicle involved in the accident and that she was intoxicated at the time. Thus, he had reasonable cause to make the arrest without a warrant.

Contrary to plaintiffs' assertion, Dorothy Tope was not arrested because of her refusal to cooperate. *City of Pontiac v Baldwin,* 163 Mich App 147, 152; 413 NW2d 689 (1987). We recognize that a person cannot be compelled to answer questions posed by a police officer. *Davis v Mississippi,* 394

---

[1] We note that the record on appeal does not support plaintiffs' contention that Howe did not confront Dorothy Tope until at least an hour and a half after the incident took place. Thus, we are not required to consider plaintiffs' argument that our interpretation of the statute could result in a person being arrested for drunk driving hours or even days after the accident occurred. Under the probable cause standard, the courts must consider the facts and circumstances which are present at the moment of arrest on a case-by-case basis. *Oliver, supra.*

US 721, 727, n 6; 89 S Ct 1394; 22 L Ed 2d 676 (1969); *People v Burrell,* 417 Mich 439, 458; 339 NW2d 403 (1983). Here, Dorothy Tope was arrested under the drunk driving statute.

Plaintiffs next argue that the arrest without a warrant was illegal because the police officers did not obtain consent to enter plaintiffs' home. We disagree. Plaintiffs base this claim on Howe's testimony that, after he was voluntarily admitted into plaintiffs' apartment and after he began questioning Dorothy Tope as to her identity, she and her husband asked Howe whether he had a search warrant to come into their apartment. There is no dispute as to whether Howe was initially voluntarily admitted. Indeed, plaintiffs' complaint alleged that Dorothy Tope "invited" Howe into her home. Howe further testified that plaintiffs never asked him or Officer Kindy to leave their premises.

In *Payton v New York,* 445 US 573, 583-590; 100 S Ct 1371; 63 L Ed 2d 639 (1980), it was held that, absent probable cause and exigent circumstances, an arrest without a warrant in the home is prohibited by the Fourth Amendment. An arrest without a warrant inside a private home is improper and unreasonable under the Fourth Amendment in the absence of exigent circumstances or consent to the entry. *Oliver, supra,* p 379. A police officer is not authorized to enter a private home without consent to make an arrest for a misdemeanor without a warrant. *People v Reinhardt,* 141 Mich App 173, 180; 366 NW2d 245 (1985). The validity of a consent depends upon the totality of the circumstances. *People v Gary,* 150 Mich App 446, 450; 387 NW2d 877 (1986). Here, Howe knocked on plaintiffs' door. When the door was opened by a woman, Howe identified himself as a police officer and was voluntarily admitted into the home. We conclude that the police had valid consent to enter

plaintiffs' home. Once voluntarily admitted inside a home, such consent cannot be revoked by a person's later request for a warrant or that the police leave the premises.

In order to prevail on a claim of false arrest or false imprisonment, the plaintiff must show that the arrest was not legal, i.e., that it was made without probable cause. *Lewis v Farmer Jack Division, Inc,* 415 Mich 212, 218, n 2; 327 NW2d 893 (1982); *Young v Barker,* 158 Mich App 709, 720; 405 NW2d 395 (1987), lv den 429 Mich 857 (1987). We have concluded that Dorothy Tope's arrest was legal and based on probable cause. Thus, we reverse the trial court's order insofar as it denied defendants' motion for summary disposition with regard to plaintiffs' allegations of false arrest and false imprisonment. On remand, the court shall grant defendants' motion for summary disposition on the claims of false arrest and false imprisonment.

Defendants' next claim on appeal is that the trial court erred in denying their motion for summary disposition as to plaintiffs' allegations of assault and battery. Plaintiffs had alleged an assault and battery against both Dorothy Tope and James Tope. The court denied both parties' motions for summary disposition, finding a question of fact existed as to whether an assault and battery took place. We disagree.

In their argument to the trial court, plaintiffs presented no evidence of an assault and battery against either of them. The trial court had no deposition testimony from either plaintiff on this allegation and there is no deposition testimony from either plaintiff in the record, other than an excerpt from Dorothy Tope's deposition admitting that she drove over Fuhrman's front yard. Plaintiffs attempt to enlarge the record on appeal by

inserting excerpts from depositions not made a part of the record. Materials outside the scope of the record may not be considered on appeal. *People v Swartz,* 171 Mich App 364, 380, n 3; 429 NW2d 905 (1988); MCR 7.210(A)(1).

Howe's deposition testimony was that, when he attempted to handcuff Dorothy Tope, "she started to resist," and when he and Officer Kindy "grabbed" her arms, "she went to her knees." Howe stated he did not force, push or trip her, but that she "voluntarily and spontaneously collapsed" and began screaming and struggling. After she was handcuffed, she ceased struggling and the officers helped her to her feet. When James Tope approached to render assistance to his wife, he was told by Kindy to "stay back and stay out of it."

If a police officer lawfully arrests an individual, he may use reasonable force if that individual resists. *Delude v Raasakka,* 391 Mich 296; 215 NW2d 685 (1974); *Smith v Michigan,* 122 Mich App 340, 345; 333 NW2d 50 (1983). Our review of the record convinces us that the police officers in this case used reasonable force to effectuate the arrest. The amount of force used to arrest Dorothy Tope was not excessive. There is no evidence to show that any force was used against James Tope. Plaintiffs may not rest upon the mere allegations of their pleading, but must set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). Plaintiffs' failure to come forward with facts to support their claim of assault and battery leave their allegations as sheer speculation and conjecture and, therefore, ripe for summary disposition. *Ransburg v Wayne Co,* 170 Mich App 358, 360; 427 NW2d 906 (1988). Thus, we conclude that summary disposition should have been granted to defendants. We reverse the trial court on this issue. On remand, the court will

grant summary disposition to defendants as to the allegations of assault and battery.

On cross appeal, plaintiffs contend that the court erred in denying their motion for summary disposition on their claims of intentional infliction of emotional distress. We disagree. In order to support a claim for intentional infliction of emotional distress, the plaintiff must plead and prove "conduct outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hall v Citizens Ins Co of America,* 141 Mich App 676, 684; 368 NW2d 250 (1985). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions and other trivialities. *Hall v Pizza Hut of America, Inc,* 153 Mich App 609, 616; 396 NW2d 809 (1986).

In the present case, there is no evidence which shows that, in effectuating Dorothy Tope's legal arrest, it was defendants' intent to cause plaintiffs the requisite emotional distress. Thus, we affirm the trial court's grant of summary disposition to defendants and its denial of plaintiffs' counter motion for summary disposition on plaintiffs' claims of intentional infliction of emotional distress.

We also find no merit to plaintiffs' claims that the police officers violated their civil rights under the Fourteenth Amendment and that they are entitled to damages under 42 USC 1983. A plaintiff may not recover for a violation of his civil rights arising out of an arrest if probable cause to arrest is established. *Parker v Hearn,* 695 F Supp 1421, 1424 (ED NY, 1988); *Jaroslawicz v Seedman,* 528 F2d 727, 732 (CA 2, 1975); *Dickey v Fluhart,* 146 Mich App 268, 277; 380 NW2d 76 (1985). Because reasonable cause existed for the arrest,

plaintiffs' claim that their civil rights were violated cannot stand. The trial court denied summary disposition to both parties on this issue based upon a finding that a question of fact existed. We reverse this ruling. On remand, the court shall grant summary disposition to defendants on plaintiffs' allegation of violations of plaintiffs' civil rights under the Fourteenth Amendment and 42 USC 1983.

In summary, we reverse the trial court's finding that the incident which occurred on October 9, 1983, was not an "accident" within the meaning of MCL 257.625(1); MSA 9.2325(1) and MCL 764.15(1)(h); MSA 28.874(1)(h). Finding Dorothy Tope's arrest without a warrant to be legal and based upon probable cause, we reverse the trial court's denial of defendants' motion for summary disposition on plaintiffs' allegations of false arrest and false imprisonment. On remand, the court shall grant defendants' motions for summary disposition on these claims. As to plaintiffs' allegations of assault and battery, we reverse the trial court's denial of both parties' motions for summary disposition. On remand, the court shall grant summary disposition to defendants on this claim. As to plaintiffs' allegation of intentional infliction of emotional distress, we affirm the trial court's grant of summary disposition to defendants. On plaintiffs' allegations of Fourteenth Amendment and 42 USC 1983 violations, we reverse the trial court's denial of summary disposition to both parties. On remand, the court shall grant summary disposition to defendants on this issue.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.