PEOPLE v KESKIMAKI

Docket No. 144284. Submitted May 4, 1993, at Marquette. Decided June 22, 1993, at 9:00 A.M. Leave to appeal sought.

   Ray S. Keskimaki was charged in the 96th District Court with operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level, second offense. The court, Patricia L. Micklow, J., denied the defendant's motion to suppress the results of a blood alcohol test performed on a blood sample taken from him by hospital emergency room personnel. The defendant had been transported by ambulance to the hospital after his vehicle was found parked alongside a highway with the engine running, the lights on, and the defendant behind the wheel, slumped over onto the front passenger seat. The defendant had appeared to be sleeping and breathing erratically and could not be aroused by a police officer. The defendant appealed, and the Marquette Circuit Court, Edward A. Quinnell, J., affirmed, finding that the blood test was taken after the occurrence of an accident, making the test results admissible pursuant to MCL 257.625a(9); MSA 9.2325(1)(9). The defendant appealed by leave granted.

   The Court of Appeals *held:*

   The lower courts properly determined that under the totality of the circumstances an accident occurred. An accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected. The circumstances under which the defendant's vehicle was found clearly come within that definition, making the blood test results admissible pursuant to § 625a(9).

   Affirmed.

CRIMINAL LAW — DRIVING WHILE INTOXICATED — BLOOD ALCOHOL
   TEST RESULTS — ACCIDENT — EVIDENCE.
   Evidence resulting from a blood test taken from the driver of a

REFERENCES

Am Jur 2d, Criminal Law § 713.

Admissibility, in criminal case, of physical evidence obtained without consent by surgical removal from person's body. 41 ALR4th 60.

car for medical purposes following an accident is admissible in a criminal prosecution for operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level; for purposes of the statutory provision that allows the use of such evidence, an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected (MCL 257.625a[9]; MSA 9.2325[1][9], now MCL 257.625a[6][e]; MSA 9.2325[1][6][e]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Scott K. Hanson,* Assistant Prosecuting Attorney, for the people.

*Mark Peter Stevens,* for the defendant.

Before: SAWYER, P.J., and HOOD and WEAVER, JJ.

PER CURIAM. Defendant appeals by leave granted from an opinion and order of the Marquette Circuit Court, which affirmed an order of the 96th District Court denying defendant's motion to suppress the results of a blood test. We affirm.

The facts in the case are straightforward. Republic Township Police Officer William Arbelius testified that, on February 2, 1991, at approximately 6:48 P.M., he observed a truck parked on the shoulder of the northbound lane of M-95 in Marquette County. According to Officer Arbelius, the lights were on, the motor was "racing," and there were tire tracks in the snow running in a straight line from the road. The officer walked up to the truck and observed defendant behind the wheel, slumped over onto the front passenger seat. Defendant appeared to be sleeping, but was breathing erratically. The doors of the truck were

locked, so the officer attempted to arouse defendant by knocking on the window of the truck and activating the overhead lights and siren of his police vehicle. Defendant did not respond. The officer then obtained a "slim jim" from the trunk of his police vehicle and used it to open the door of the truck. Upon doing so, the officer turned off the ignition and a radar detector, which was making a loud sound. The officer also detected a "mild smell" of alcoholic beverage. The officer shook defendant at least three times and again got no response, whereupon he summoned an ambulance, thinking he had a possible medical emergency. When the ambulance arrived, defendant was assisted inside and taken to a nearby hospital. The officer was denied access to the emergency room, but was later informed that a blood sample had been drawn, and the results of the blood test were ultimately obtained.

Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level, second offense, MCL 257.625; MSA 9.2325.

Defendant filed a motion in the district court to suppress the results of the blood test on the basis that the blood sample had not been taken after the occurrence of an "accident," and, therefore, that the results were not admissible pursuant to MCL 257.625a(9); MSA 9.2325(1)(9) (now MCL 257.625a[6][e]; MSA 9.2325[1][6][e]).

Relying on *Tope v Howe,* 179 Mich App 91, 99; 445 NW2d 452 (1989), the district court and, on appeal, the circuit court found that an accident had occurred, thus making the blood test results admissible pursuant to the statute.

MCL 257.625a(9); MSA 9.2325(1)(9) (now MCL 257.625a[6][e]; MSA 9.2325[1][6][e]), provides in pertinent part:

If after an *accident* the driver of a vehicle involved in the accident is transported to a medical facility and a sample of the driver's blood is withdrawn at that time for the purpose of medical treatment, the results of a chemical analysis of that sample shall be admissible in a criminal prosecution for a crime described in subsection (1) to show the amount of alcohol . . . in the person's blood at the time alleged, regardless of whether the person had been offered or had refused a chemical test. [Emphasis added.]

In *People v Perlos,* 436 Mich 305, 325-330; 462 NW2d 310 (1990), our Supreme Court upheld the constitutionality of § 625a(9), finding that it represents a valid legislative determination that a person does not possess a reasonable expectation of privacy in the results of a blood test taken from the driver of a car for medical purposes following an accident. The Court stated:

We find subsection 9 to be a carefully tailored statute which only allows chemical test results to be turned over to the state under narrowly defined circumstances, if the state requests them. For the statute to apply there first must be an accident, a person must be taken to a medical facility, the person must have been the driver of a vehicle involved in the *accident,* and medical personnel must order ·a chemical analysis, on their own initiative, for medical treatment. [*Id.* at 328. Emphasis added.]

The statute does not define the term "accident." However, in *Tope v Howe, supra* at 99, this Court addressed what constitutes an accident for purposes of MCL 257.625(1); MSA 9.2325(1), which at that time provided that "[a] peace officer may, without a warrant, arrest a person when the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver

of a vehicle involved in the accident." (Now see MCL 257.625a[1]; MSA 9.2325[1][1].)

Relying on *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12, 18-19; 123 NW2d 143 (1963), the *Tope* Court adopted the following definition of "accident":

> [A]n "undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." [*Tope, supra* at 99.]

The *Tope* Court noted that *Guerdon Industries, Inc* was an insurance case, but stated that it had no reason to believe that a different definition would apply in a case involving a charge of driving under the influence of intoxicating liquor. *Tope, supra* at 99.

Although defendant correctly argues that *Tope* involved the construction of the term "accident" within the meaning of § 625(1), rather than § 625a(9), we fail to see why a different definition of accident should exist for purposes of § 625a(9).

Applying the *Tope* definition of accident to the facts of this case, the lower courts properly determined that an accident occurred.

We agree with defendant's limited contention that the term "accident" cannot logically be extended, nor was intended to apply, to a vehicle that merely is lawfully parked. Indeed, the circuit court judge stated that "[i]f the evidence showed only a parked [truck], I would agree with defendant that a parked [truck] is not an accident."

However, what rendered the event at issue an accident is not the mere fact that defendant's truck was parked alongside the highway, but, rather, the fact that it was also parked with its

engine running, with its lights on, and with the driver slumped over onto the passenger seat and unable to be readily aroused. In other words, although a vehicle parked alongside the highway might not, by itself, be something unusual or unexpected, it would be unexpected to find such a vehicle with its engine running, its lights on, and with the driver slumped over and unable to be aroused. The totality of these latter circumstances properly can be characterized as an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected. Clearly, a police officer confronted with such circumstances would reasonably be justified in summoning medical assistance, as did the officer involved.

Moreover, defendant's vehicle was clearly involved in the accident, as evidenced by the fact that defendant was inside the vehicle, which was on the shoulder of a public highway with its doors locked, the engine running, and the lights on, and defendant could not be aroused.

Accordingly, in light of the foregoing, we find that the circuit court, in affirming the decision of the district court, did not err in concluding that, under the facts of this case, an accident occurred in which defendant's vehicle was involved, thereby rendering his blood test results admissible pursuant to § 625a(9).

Affirmed.