# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN SCHILBE,

      Plaintiff-Appellant,

v

HENRY FORD HEALTH SYSTEM, SONJA
JOHNSON, and HOLLIE KISHNER,

      Defendants-Appellees.

UNPUBLISHED
November 10, 2015

No. 322062
Wayne Circuit Court
LC No. 13-007585-CZ

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Plaintiff was arrested and criminally charged with the theft of a cell phone that belonged to defendant Hollie Kishner (a/k/a Kushner), an employee at defendant Henry Ford Health System ("HFHS"). The theft allegedly occurred when plaintiff visited HFHS to schedule a medical procedure. The criminal charge was later dismissed. Plaintiff thereafter filed this action against HFHS, Kishner, and Sonja Johnson, a security officer at HFHS, alleging both state and federal claims under 42 USC 1983 for false arrest, false imprisonment, and malicious prosecution. The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10) and dismissed the case. Plaintiff appeals as of right. We affirm.

## I. FACTS

Plaintiff met with Kishner, an intake scheduler at HFHS, to schedule a surgical procedure to remove polyps on his throat. Within 5 minutes after plaintiff left Kishner's office, Kishner noticed that her cell phone that had been placed on the top of her desk was missing. When she called her phone, the person who answered it stated, "This is Kevin." Kishner recognized the person's voice as plaintiff's voice, because of its distinctive "scratchy" quality due to the throat polyps. When plaintiff later called Kishner to confirm his referral for the medical procedure, Kishner accused plaintiff of taking her phone, which he denied. HFHS's security staff found Kishner's phone case in a trash receptacle near her office. Johnson investigated calls that were made from Kishner's phone and spoke to a man named Lee Dorrin, who informed Johnson that he had talked to plaintiff that day and plaintiff offered to sell him a cell phone for $20. After plaintiff returned at defendant's request to the HFHS facility, he was detained in a holding cell for almost three hours before being released to the custody of police officers from the Detroit Police Department (DPD).

-1-

Approximately two months after this incident, the DPD obtained a felony warrant for plaintiff and he was arraigned on a charge of theft. Following a preliminary examination, he was bound over for trial, based primarily on Kishner's testimony. However, the charge was later dismissed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The parties filed cross-motions for summary disposition under MCR 2.116(C)(10). A trial court's summary disposition decision is reviewed de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for a claim. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). A reviewing court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula*, 212 Mich App at 48.

### B. FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 USC 1983

Plaintiff argues that the trial court erred in dismissing his claims for false arrest and false imprisonment under 42 USC 1983, because there were genuine issues of material fact regarding whether there was probable cause for his arrest and detention.

42 USC 1983 allows a party to file an action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' because of the actions of another person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State.' " *Moore v Detroit Entertainment, LLC*, 279 Mich App 195, 202; 755 NW2d 686 (2008). At issue here is whether, assuming Johnson and HFHS were acting under color of state law,[1] plaintiff can establish that he was unlawfully arrested and detained because there was no probable cause for his arrest and detention.

As our Supreme Court has explained:

"An arrest is the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest. The act relied upon as constituting an arrest must have been performed with the intent to effect an arrest

---

[1] The trial court found it unnecessary to decide that question. Because we conclude that plaintiff is unable to establish other necessary elements to a claim under § 1983, we likewise find it unnecessary to determine whether defendants, and particularly Johnson, may be considered a state actor for purposes of § 1983.

and must have been so understood by the party arrested." [*People v Gonzales*, 356 Mich 247, 253; 97 NW2d 16 (1959), quoting 4 Am Jur, Arrest, § 2.]

See also *Dixon v Shiner*, 12 Mich App 573, 582, 584; 163 NW2d 481 (1968).

Plaintiff submitted evidence that he was confined to a holding cell for at least two hours and was not free to leave during that time. The evidence, viewed in a light most favorable to plaintiff, supports plaintiff's position that he was effectively arrested, and that his detention exceeded the bounds of a permissible *Terry*[2] stop, which is generally limited to a brief, on-the-scene detention. *People v Custer*, 465 Mich 319, 327; 630 NW2d 870 (2001).

A false arrest is an illegal or unjustified arrest, meaning that it was not based on probable cause. *Lewis v Farmer Jack Div, Inc*, 415 Mich 212, 218; 327 NW2d 893 (1982). False imprisonment similarly involves the restraint of an individual without probable cause. *Walsh v Taylor*, 263 Mich App 618, 627; 689 NW2d 506 (2004). In *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 18-19; 672 NW2d 351 (2003), this Court explained:

> To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e., the arrest was not based on probable cause. [*Clarke v Kmart Corp*, 197 Mich App 541, 546; 495 NW2d 820 (1992)]; *Burns v Olde Discount Corp*, 212 Mich App 576, 581; 538 NW2d 686 (1995); *Tope v Howe*, 179 Mich App 91, 105; 445 NW2d 452 (1989). If the arrest was legal, there has not been a false arrest or a false imprisonment. *Tope, supra* at 105. Whether the plaintiff could actually have been convicted is irrelevant because actual innocence is not an element of false arrest. *Lewis, supra* at 218 n 1; *Brewer v Perrin*, 132 Mich App 520, 527; 349 NW2d 198 (1984). The Court in *Lewis* explained the general rule and its limitations:
>
> > "[I]t must be a false arrest, *made without legal authority*. One who instigates or participates in a lawful arrest, as for example an arrest made under a properly issued warrant by an officer charged with the duty of enforcing it, may become liable for malicious prosecution, as stated in Chapter 29, or for abuse of process, as stated in Chapter 31, but he is not liable for false imprisonment, since no false imprisonment has occurred." [*Lewis, supra* at 218 n 2, quoting 1 Restatement Torts, 2d, § 45A, p 69, Comment b (emphasis added by *Lewis, supra*).]
>
> In the present case, the circuit court found that "ample" probable cause existed for the arrests. Where the facts are undisputed, the determination whether probable cause exists is a question of law for the court to decide. *Matthews v Blue Cross & Blue Shield of Michigan*, 456 Mich 365, 381-382; 572 NW2d 603 (1998); *Hall v Pizza Hut of America, Inc*, 153 Mich App 609, 615; 396 NW2d

---

[2] *Terry* v *Ohio*, 392 US 1, 16; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

809 (1986). . . . Probable cause that a particular person has committed a crime " 'is established by a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the accused is guilty of the offense charged.' " *People v Coutu (On Remand)*, 235 Mich App 695, 708; 599 NW2d 556 (1999), quoting *People v Tower*, 215 Mich App 318, 320; 544 NW2d 752 (1996). Probable cause is not capable of being precisely defined; rather, it is a commonsense concept dealing with practical considerations of everyday life that must be viewed from the perspective of reasonable and prudent persons, not legal technicians. *Ornelas v United States*, 517 US 690, 695-696; 116 S Ct 1657; 134 L Ed 2d 911 (1996).

Probable cause to arrest is determined by the facts available at the moment of arrest. *Brewer*, 132 Mich App at 527.

The undisputed evidence established that the following relevant facts existed at the time plaintiff was effectively arrested at HFHS: (1) that Kishner's cell phone was discovered missing shortly after plaintiff had been in Kishner's office, and plaintiff had been left alone in Kishner's office and was the last person known to be near the phone; (2) when Kishner called her cell phone, the person who answered it identified himself as "Kevin"; (3) Kishner recognized the voice on the phone as plaintiff's voice, based on its distinctive "scratchy" quality; and (4) Johnson's investigation revealed that a call had been made from plaintiff's phone to Dorrin, who informed Johnson that plaintiff had called him after the telephone went missing to ask if Dorrin wanted to buy a phone for $20. Plaintiff's presence at the time and location where the phone was last seen before it went missing established that he had the opportunity to take the phone. In addition to opportunity, however, Kishner's statement that the person who answered her phone identified himself as Kevin, the same first name as plaintiff, and that she recognized the voice as plaintiff's voice based on its distinctive quality, established a reasonable ground for believing that plaintiff had taken Kishner's phone. That suspicion was further supported when Johnson investigated a call that had been made from plaintiff's phone and the recipient of that call confirmed that he had recently received a call from plaintiff, who asked him if he wanted to buy a phone.[3] These facts established probable cause for believing that plaintiff had stolen Kishner's cell phone.

Although plaintiff correctly observes that a motion for summary disposition must be based on substantively admissible evidence, *Maiden v Rozwood*, 461 Mich 109, 123 n 5; 597 NW2d 817 (1999), we disagree with plaintiff's argument that the evidence offered in support of the probable cause determination cannot be considered because it is not admissible.

---

[3] Plaintiff argues that Johnson's call to Dorrin was made after plaintiff was already under arrest and, therefore, that information could not be considered in determining if there was probable cause to arrest plaintiff. However, in his deposition plaintiff admitted that when he was first taken to the security office, he was advised by security officers that they had called one of the numbers and spoke to someone named "Lee Doren" or "Dorrin," but plaintiff denied knowing that person.

Voice identification testimony is competent evidence if it is "reasonably positive and certain," and is based on sufficient knowledge by the witness about the voice. *People v Hayes*, 126 Mich App 721, 725; 337 NW2d 905 (1983). "[S]ome reason must appear to which the witness can attribute the ability to make the voice identification, of which familiarity and peculiarity are the most common, though not exclusive, examples." *Id*.

Kishner was familiar with plaintiff's voice because she had met with him earlier that day. In addition, Kishner explained that plaintiff had a distinctive, "scratchy" voice because of the polyps on his throat. When she called her phone, she recognized the voice of the person who answered as the same distinctive "scratchy" voice that plaintiff had, whom she had spoken to shortly beforehand. These facts establish that Kishner's voice recognition was based on sufficient knowledge of plaintiff's voice, from having met with plaintiff shortly beforehand, and her description of his peculiar "scratchy" voice provided a reason for her ability to make the voice identification. Thus, plaintiff has not shown that Kishner's voice recognition is not competent evidence of probable cause. Furthermore, the existence of probable cause was supported not only by Kishner's recognition of plaintiff's voice, but also by the fact that the person who answered the phone stated, "This is Kevin."

Plaintiff also argues that the statements by Dorrin to Johnson cannot be used to support a finding of probable cause to arrest because it is hearsay. This argument is flawed for two reasons. First, the statements by Dorrin to Johnson were not offered for a hearsay purpose. " 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is not admissible except as provided by the Rules of Evidence. MRE 802. The evidence regarding Johnson's conversation with Dorrin was not offered to prove the truth of the matters asserted in that conversation, but to explain why Johnson proceeded to detain plaintiff.

Second, even if Dorrin's statements could be considered hearsay, that would not preclude their use for determining probable cause, as hearsay can be used to establish probable cause to arrest. See *People v Richardson*, 204 Mich App 71, 80; 514 NW2d 503 (1994) (recognizing that "[s]uch hearsay testimony is almost always necessary to establish the sources of probable cause for arrest"), and *People v Echavarria*, 233 Mich App 356, 367; 592 NW2d 737 (1999) ("[s]tatements containing multiple levels of hearsay may be used to establish probable cause where the ordinary requirements of personal knowledge and reliability or credibility are met for each level of hearsay"). Indeed, MCR 6.102(B) expressly provides that "[a] finding of probable cause may be based on hearsay evidence . . . ."[4]

---

[4]Plaintiff also argues that a probable cause determination could not be based on the telephone call between Johnson and Dorrin because Johnson indicated that she recorded the call, but the recording was never provided to plaintiff. At her deposition, Johnson stated that she recorded her call with Dorrin, but turned the recording over to the DPD and did not retain a copy. It appears that the DPD or the prosecutor's office either lost or failed to retain the recording, preventing its production. Plaintiff did not offer any evidence suggesting that defendants had any involvement in the loss or destruction of the recording. Plaintiff does not cite any authority

We likewise reject plaintiff's argument that there was no probable cause for his arrest because later discovered evidence established that he could not have been the person who used Kishner's stolen phone. Plaintiff's reliance on this evidence is misplaced for two reasons. First, as plaintiff repeatedly argues in his brief, probable cause to arrest is determined by the facts available at the moment of arrest. *Brewer*, 132 Mich App at 527. Second, the fact a person may be actually innocent of a charge does not establish that probable cause did not exist for that person's arrest. *Peterson Novelties*, 259 Mich App at 18-19.

In sum, we conclude that there is no genuine issue of material fact regarding the existence of probable cause for plaintiff's arrest and detention. Accordingly, the trial court properly dismissed plaintiff's claims for false arrest and false imprisonment under 42 USC 1983.

### C. COMMON-LAW MALICIOUS PROSECUTION

Plaintiff next argues that the trial court erred in dismissing his common-law claim for malicious prosecution. A common-law claim for malicious prosecution requires a plaintiff to prove that

> (1) the defendant has initiated a criminal prosecution against him, (2) the criminal proceedings terminated in his favor, (3) the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice. [*Walsh*, 263 Mich App at 632-633, following *Matthews*, 456 Mich at 378.]

Plaintiff asserts that he did not have to prove that defendants intentionally lied, only that they made statements in reckless disregard for the truth. Plaintiff appears to rely on the standard for probable cause for a search or an arrest, and ignores the requirement of a malicious prosecution claim that the defendant initiated the action "with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Walsh*, 263 Mich App at 633.

There is no evidence that Kishner, Johnson, or HFHS acted with any purpose other than to bring the person they believed was responsible for the theft of Kishner's cell phone to justice. There was no evidence that any defendant acted with malice, had any motive to falsely accuse plaintiff of taking Kishner's phone, or knowingly provided false information on which the police or prosecutor relied to bring criminal charges. *Matthews* 456 Mich at 385. Although plaintiff emphasizes that cell tower records later demonstrated that he could not have taken Kishner's phone, plaintiff does not contend that defendants had access to that information when charges were brought. Thus, those records do not demonstrate that defendants should have known at the time plaintiff was arrested or when criminal proceedings were brought that plaintiff could not have taken Kishner's cell phone.

---

supporting his position that, under these circumstances, defendants are not permitted to establish the contents of Johnson's conversation with Dorrin through other means, such as Johnson's personal recollection knowledge of their conversation, or Johnson's contemporaneous report about that call. See, MRE 1004(1) and (2).

Moreover, the evidence showed that defendants referred the matter to the DPD, which conducted its own investigation and then referred the matter to the Wayne County Prosecutor's Office, which then made the decision to initiate criminal charges against plaintiff. In *Matthews*, 456 Mich at 384, our Supreme Court stated that "in Michigan, the prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." The Court observed that it had previously held in *Christy v Rice*, 152 Mich 563; 116 NW 200 (1908),

> that the trial judge erred in refusing to direct a verdict where the prosecutor conducted "his own investigation, and acted in his official capacity upon that investigation, independent of defendant's statement." *Id*. at 567-568. Unless the information furnished was known by the giver to be false and *was the information on which the prosecutor acted*, the private person has not procured the prosecution. [Emphasis in original; footnote omitted.]

Plaintiff does not dispute that the prosecutor's office performed its own investigation into the matter before initiating the criminal case against plaintiff. That action provides a complete defense to any claim that defendants wrongfully initiated the criminal prosecution. *Matthews*, 456 Mich at 384. Accordingly, the trial court properly dismissed plaintiff's claim for common-law malicious prosecution.

### D. MALICIOUS PROSECUTION UNDER 42 USC 1983

Plaintiff also argues that the trial court erred in dismissing his claim for malicious prosecution under 42 USC 1983. In *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 389-390; 838 NW2d 720 (2013), this Court explained that

> a claim of malicious prosecution under § 1983 premised on a violation of the Fourth Amendment consists of four elements. *Sykes v Anderson*, 625 F3d 294 (CA 6, 2010). First, the defendant must have influenced or participated in the decision to prosecute the plaintiff. *Id*. at 308. Second, because this claim is premised on a violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. *Id*. Third, the plaintiff must show that, "as a consequence of a legal proceeding," he or she suffered a "deprivation of liberty," apart from the initial seizure. *Id*. at 308-309 (quotation marks and citations omitted). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Id*. at 309.

For the reasons previously discussed, plaintiff cannot establish that there was a lack of probable cause for the criminal prosecution. Plaintiff contends that the later-acquired cell tower records show that defendants acted with reckless disregard for the truth. Although those records raise questions about plaintiff's guilt, they do not establish that defendants acted with reckless disregard for the truth at the time charges were brought, particularly considering that the cell tower records were not then available. In addition, the police and prosecutor conducted an independent investigation before the prosecutor's office decided to bring the criminal charge. There was no evidence that defendants influenced or participated in that decision. Accordingly, the trial court properly dismissed plaintiff's malicious prosecution claim under 42 USC 1983.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray