PEOPLE v RICHARDSON

PEOPLE v FROST

Docket Nos. 143653, 144166. Submitted September 14, 1993, at De-
troit. Decided March 7, 1994, at 9:40 A.M. Leave to appeal
denied, 445 Mich —.

Derrie Richardson, Barry Frost, and Robert Napier were con-
victed after a joint jury trial in the Detroit Recorder's Court,
Clarice Jobes, J., of armed robbery. Jerry L. Mason, a fourth
accomplice, pleaded guilty before the trial. None of the defen-
dants testified at the trial. However, each defendant confessed
to the crime in a statement that also incriminated the other
three, and evidence of those statements were admitted during
the trial. Richardson and Frost appealed, and their appeals
were consolidated.

The Court of Appeals *held:*

1. The trial court erred in admitting Mason's statement as
evidence against Richardson and Frost. The statement lacked
particularized guarantees of trustworthiness.

2. The trial court erred in admitting poorly redacted versions
of the statements of Frost and Napier as evidence against
Richardson and the statements of Richardson and Napier as
evidence against Frost. Those statements lacked particularized
guarantees of trustworthiness, and the portions that implicated
the nondeclarant defendants do not fall within the penal inter-
est exception to the hearsay rule. The error was not harmless
with respect to Richardson because, if the incriminating state-
ments of his accomplices were disregarded, the only evidence
against him would be his own confession. The jury probably
would not have reached the same verdict if the only evidence
against Richardson was his confession. The error was harmless
with respect to Frost because there was substantial indepen-
dent evidence of his guilt.

3. The trial court did not err in admitting Richardson's
statement as evidence against Richardson and Frost's state-

REFERENCES

Am Jur 2d, Conspiracy §§ 40-48; Evidence §§ 523-596, 610-614.

Admissibility of statement by coconspirator under Rule 801(d)(2)(E)
of Federal Rules of Evidence. 44 ALR Fed 627.

ment as evidence against Frost. There was sufficient probable cause to support their arrests without warrants, making their arrests legal and their statements admissible.

4. Richardson, by failing to object at trial, did not preserve for appellate review his claim that the prosecution improperly used impeachment evidence as proof of his guilt during closing argument. Failure to review the issue would not result in a miscarriage of justice because the error complained of could have been cured with an instruction to the jury had it been brought to the attention of the trial court.

5. The trial court did not err in admitting hearsay testimony during the hearing conducted for determining the voluntariness of Frost's confession. The rules of evidence do not apply to such hearings.

Conviction of Frost affirmed; conviction of Richardson reversed; remanded for new trial with regard to Richardson.

1. CRIMINAL LAW — EVIDENCE — HEARSAY — CONFESSIONS OF CODEFENDANTS — CONSTITUTIONAL LAW — CONFRONTATION CLAUSE.

A nontestifying codefendant's inculpatory statements may be admitted as substantive evidence against a defendant without violating the Confrontation Clause where a firmly rooted hearsay exception applies or where the presumptive unreliability of the statement is rebutted by particularized guarantees of trustworthiness (US Const, Am VI; Const 1963, art 1, § 20).

2. CRIMINAL LAW — EVIDENCE — CONFESSIONS.

The rules of evidence, with the exception of those that govern privileges, do not apply to a hearing conducted to determine the admissibility of evidence of a defendant's confession as mandated by *People v Walker (On Rehearing)*, 374 Mich 331 (1965) (MRE 104[a]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*), for Derrie Richardson on appeal.

*Arthur Lee Morman,* for Barry Frost.

Before: REILLY, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

MICHAEL J. KELLY, J. Defendants Derrie Richardson and Barry Frost were convicted of armed robbery, MCL 750.529; MSA 28.797, at a joint jury trial. Codefendant Robert Napier was also found guilty of armed robbery at the trial but is not appealing his conviction. A fourth accomplice, Jerry Lee Mason, pleaded guilty of armed robbery and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), before the joint trial. We affirm. Frost's conviction, but reverse Richardson's conviction and remand for a new trial.

The robbery took place at a restaurant on February 6, 1991. Mason and Frost perpetrated the robbery inside the restaurant while Napier and Richardson waited in a car outside the restaurant. Each of the four men gave statements to the police implicating the other three in the armed robbery. These four statements were admitted, unredacted or partially redacted, at the joint trial. None of the four accomplices testified in person at trial.

I

Each defendant's first and main argument on appeal challenges the trial court's decision to admit the statements of the remaining three accomplices.

This Court recently outlined the analysis for such challenges in *People v Petros,* 198 Mich App 401, 409; 499 NW2d 784 (1993):

> The admissibility of a nontestifying codefendant's inculpatory statement as substantive evidence presents two distinct but related issues. The first is the status of the proffered evidence as

hearsay, MRE 802. The second is the concern that admitting such testimony will violate the defendant's right "to be confronted with the witnesses against him." US Const, Am VI; Const 1963, art 1, § 20.

With regard to the Confrontation Clause, this Court stated:

> A hearsay statement of a nontestifying codefendant may be admitted as substantive evidence against a defendant in alternative ways. If it would be admissible under a "firmly rooted" exception to the hearsay rule, the Court has determined that it also complied with the requirements of the Confrontation Clause. Alternatively, if no "firmly rooted" exception applies, the statement may still be admissible if it presents "particularized guarantees of trustworthiness." [*Id.* at 410, quoting *Ohio v Roberts,* 448 US 56, 66; 100 S Ct 2531; 65 L Ed 2d 597 (1980).]

This approach received the approval of the Supreme Court in *People v Poole,* 444 Mich 151, 163; 506 NW2d 505 (1993). That Court added, however, that the codefendant making the confession must be unavailable as a witness before the confession may be used against the defendant. *Id.* The requirement is satisfied where the codefendant, exercising Fifth Amendment privileges, is unable to be examined as a witness.

The Court of Appeals and the Supreme Court have, until now, declined to decide whether the penal interest exception to the rule against hearsay is "firmly rooted," because we have been able to resolve such cases in favor of admitting the statement at issue under the alternative method of identifying "particularized guarantees of trustworthiness." See, e.g., *Poole, supra* at 163; *Petros, supra* at 412. However, in this case we address the

issue because we do not think that "particularized guarantees of trustworthiness" exist with regard to the portion of the statements that implicated defendants.

Mason's statement was made in the face of overwhelming evidence of his participation in the crime charged. He had nothing to gain by denying his involvement in the robbery. On the other hand, he could appeal for leniency by making a statement that implied that he committed the robbery as a result of "peer pressure" from his three accomplices. In addition, Mason did not testify at the *Walker*[1] hearing and was not available for cross-examination at any time. Thus, we find that Mason's statement lacked "particularized guarantees of trustworthiness."

We reach the same conclusion with regard to the statements of Frost and Napier against Richardson and of Richardson and Napier against Frost. These statements were admitted into evidence with all references to the other codefendants, except Mason, replaced with such phrases as "another guy." We believe that this redaction was ineffective. Given the volume of evidence at and about the scene of the crime, it would have been quite obvious to the jury whose names had been removed. See *People v Banks,* 438 Mich 408, 420; 475 NW2d 769 (1991). Treating the statements as unredacted, we consider untrustworthy the portions of each statement implicating the nondeclarant defendant.

We start with the presumption that each of the codefendants' statements is unreliable. *Petros, supra* at 403 (citing *Lee v Illinois,* 476 US 530, 545; 106 S Ct 2056; 90 L Ed 2d 514 [1986]). In rebuttal of this presumption, the only assurance of trust-

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

worthiness that we see is the fact that each code-fendant incriminated himself in his statement along with his accomplices. The prosecution under-scores the similarity in content among the codefendants' statements. However, this is not a factor in determining error but rather in determining whether such error was harmless. *People v Watkins,* 438 Mich 627, 664; 475 NW2d 727 (1991). (CAVANAGH, C.J.) (citing *Idaho v Wright,* 497 US 805, 819-820; 110 S Ct 3139; 111 L Ed 2d 638 [1990]). Beyond the self-incriminating nature of the statements, nothing else supports, let alone guarantees, their trustworthiness. The three code-fendants did not give their confessions spontane-ously to acquaintances unconnected with law en-forcement. See *Petros, supra* at 416 (citing *United States v York,* 933 F2d 1343, 1362 [CA 7, 1991], and *State v Cook,* 135 NH 655; 610 A2d 800 [1992]). Before giving their statements, they were informed that at least one of their accomplices had already implicated them in the robbery, giving them a motive to include the accomplices in their own versions of the robbery. In fact, the first accomplice to confess, Mason, indicated that he went along with the robbery only as a result of "peer pressure" from the other accomplices.

This brings us to the penal interest exception to the rule against hearsay as an alternative basis for admitting the statements. We must first determine whether the exception covers those portions of the statements implicating defendants before deciding whether the exception is "firmly rooted" in Michigan law. The penal interest exception is found in MRE 804(b)(3). The portion of a statement that implicates the declarant himself clearly falls within MRE 804(b)(3). *Poole, supra* at 159. The "carry-over" portions of each statement that impli-cate other accomplices also fall within the excep-

tion if they were "made in the context of a narra-
tive of events, at the declarant's initiative without
any prompting or inquiry" so that the statement
"as a whole is clearly against the declarant's penal
interest and as such is reliable." *Id.* at 161. One of
the prime considerations in applying the exception
to such "carry-over" provisions is whether the
statement was "made while in custody . . . moti-
vated by a desire to curry favor with the authori-
ties." Advisory Committee comment, FRE 804(b)
(3), quoted in *Poole, supra* at 162.

In this case, all four statements were made
while the declarants were in custody. The circum-
stances lacked sufficient indicia of reliability. We
suggest that MRE 804(b)(3) is not "firmly rooted"
in Michigan law; whether it is or not, we conclude
that the portions of each codefendant's statement
implicating Richardson and Frost do not fall under
the penal interest exception. As a result, the trial
court erred in admitting poorly redacted versions
of codefendants' statements to be used against
Richardson and Frost.

As for Richardson, we further conclude that the
error was not harmless. Removing the incriminat-
ing statements of his accomplices leaves his own
confession as the only evidence of his involvement
in the robbery. We are not convinced that the jury
would have reached the same verdict on the
charge against Richardson on the basis of this one
confession alone. The jury asked to have all the
statements reread, indicating their attention to
the tainted statements of the codefendants. See
*Watkins, supra* at 667. Although witness Cheryl
Buchanan testified that she saw two men sitting in
a car outside the restaurant during the robbery,
which roughly corresponded to Richardson's own
statement, she was unable to identify the men in
the car. We do not think that this one piece of

corroborative evidence cures the error in admitting the statements of Richardson's codefendants.

As for Frost, we conclude that the error was harmless. Although the jury's request to have the confessions of all the codefendants reread carries the same implication here as it does with regard to Richardson, there was substantial, independent corroborative evidence of Frost's guilt, which leads us to a harmless error analysis. *Wright, supra* at 823. First, Maria Nuculaj, who was working in the restaurant at the time of the robbery, identified Frost in the courtroom and at a showup. In fact, Frost had been a regular customer in the restaurant before the robbery. Second, Nuculaj's account of the robbery was corroborated by the testimony of Pashko Ivozaj, another restaurant worker, and Cheryl Buchanan, a customer standing outside the restaurant, and by Frost's own statement. Finally, a $2 bill was among the bills stolen from the restaurant cash register; upon Frost's arrest, police found a $2 bill in his underwear. In light of this corroborative evidence, we do not believe that admitting the statements of Frost's accomplices deprived him of his right to a fair trial.

## II

Both Richardson and Frost also claim that their own statements were inadmissible as the fruit of arrests conducted without warrants or probable cause. A confession that results from an illegal arrest is inadmissible. *People v Mosley (After Remand),* 400 Mich 181, 183; 254 NW2d 29 (1977) (citing *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 [1975]). Pursuant to MCL 764.15(1) (c); MSA 28.874(1)(c), a peace officer may arrest a person without a warrant "[w]hen a felony in fact has been committed and the peace officer has

reasonable cause to believe that the person has committed it." "Probable cause to arrest exists if the facts available to the officer at the moment of arrest would justify a fair-minded person of average intelligence to believe that the suspected person has committed a felony." *People v Thomas,* 191 Mich App 576, 579; 478 NW2d 712 (1991).

At the time of the arrest in this case, Nuculaj had provided the arresting officers with detailed descriptions of two of the perpetrators, including Mason's first name. She had also told the police of the stolen money and the rifle used to assault her during the robbery. She had directed the police to Mardy Woods, whom the victim had spotted across the street from the scene of the crime and had recognized as a friend of Mason. From Woods, the arresting officers had obtained a tip that Mason might be at his girl friend's house. The officers surrounded the house. They saw and heard four men through a partially opened window discussing a robbery and an assault roughly resembling the one suffered by Nuculaj. The men had money and a rifle. Frost, but not Richardson, matched the descriptions provided by the victim. The officers arrested all four men, including Frost and Richardson.

On the basis of these facts, there was ample probable cause for Richardson's and Frost's arrests. Frost matched the description given by the victim. Although Richardson was not so clearly linked to the crime, we believe that his participation in the discussion of the robbery would lead a fair-minded person of average intelligence to believe that he was involved in the crime.

### III

Richardson also claims that the prosecution im-

properly used impeachment evidence as proof of his guilt during the closing argument. We note that no objection was made to the challenged testimony. In fact, defense counsel responded to the prosecution's use of this evidence in his own closing argument. Thus, we deem the issue waived. See *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977); *People v Vaughn,* 186 Mich App 376, 384; 465 NW2d 365 (1990). Because any impropriety in the prosecution's remarks could have been cured with an instruction had it been brought to the attention of the trial court, we do not believe that our failure to review this issue would result in a miscarriage of justice. See *Duncan, supra* at 15-16; *Vaughn, supra* at 384.

IV

Frost argues that he was denied a fair *Walker* hearing by virtue of hearsay and other unreliable evidence admitted at the hearing. We note that the rules of evidence do not apply to *Walker* hearings. MRE 104(a); *People v Burton,* 433 Mich 268, 295; 445 NW2d 133 (1989); *In re Brock,* 193 Mich App 652, 669; 485 NW2d 110 (1992), rev'd on other grounds 442 Mich 101; 499 NW2d 752 (1993). Specifically, Frost challenges the testimony of the arresting officers that they had overheard the four men discussing a robbery and that they had learned from Mardy Woods that Mason might be found at his girl friend's house. Such hearsay testimony is almost always necessary to establish the sources of probable cause for arrest. We find no error in the admission of such testimony.

The conviction of Frost is affirmed. The conviction of Richardson is reversed. Remanded for a new trial with regard to Richardson.