PEOPLE v SCHUTTE

Docket No. 213259. Submitted March 14, 2000, at Grand Rapids. Decided
    May 2, 2000, at 9:00 A.M. Leave to appeal sought.

John F. Schutte was convicted by a jury in the Montcalm Circuit
    Court, Charles W. Simon, Jr., J., of first-degree criminal sexual con-
    duct. He appealed, alleging the improper admission of a hearsay
    statement made by an accomplice that inculpated the accomplice
    and the defendant. He also alleged improper conduct by the
    prosecution.

The Court of Appeals *held*:

1. The three requirements for the admission against the accom-
    plice of the accomplice's statement against penal interest were sat-
    isfied. The totality of the circumstances clearly indicates that the
    statement possessed sufficient indicia of reliability to be admitted
    against the defendant, despite the defendant's inability to cross-
    examine the accomplice, who invoked his Fifth Amendment rights
    and was convicted in a separate trial.

2. No prosecutorial misconduct occurred and any prejudice that
    might have occurred could have been eliminated had the defendant
    made a timely objection and the court given a curative instruction.
    The defendant failed to establish outcome-determinative plain
    error.

Affirmed.

1. EVIDENCE —HEARSAY — STATEMENTS AGAINST INTEREST.

Review of the admission of a hearsay statement against penal interest
    that inculpates the declarant and others presents subissues con-
    cerning whether the declarant was unavailable, whether the state-
    ment was against penal interest, and whether a reasonable person
    in the declarant's position would have believed the statement to be
    true (MRE 804[b][3]).

2. EVIDENCE — HEARSAY — STATEMENTS AGAINST INTEREST.

A codefendant's inculpatory hearsay statement against another code-
    fendant is generally presumed to be unreliable and therefore inad-
    missible under MRE 804(b)(3) as a statement against interest; how-
    ever, the entire hearsay statement of an accomplice may be admis-
    sible against an accused where the declarant's inculpatory

statement is made in narrative form, by the declarant's own initiative, and is reliable because, as a whole, it is against the declarant's own interest.

3. EVIDENCE — CONSTITUTIONAL LAW — HEARSAY.

Admission of a hearsay statement made by an unavailable declarant does not violate a defendant's right to confront accusers where the statement falls within a firmly rooted hearsay exception or bears adequate indicia of reliability; the indicia of reliability must exist by virtue of the inherent trustworthiness of the statement and may not be established by extrinsic, corroborative evidence (US Const, Am VI; Const 1963, art 1, § 20).

4. APPEAL — PROSECUTING ATTORNEYS — IMPROPER CONDUCT.

Appellate review of allegedly improper prosecutorial conduct is generally precluded where the defendant fails to timely and specifically object; the Court of Appeals will only review the defendant's claim for plain error, and three requirements must be met before the Court will exercise its discretion in deciding whether to reverse: error must have occurred, the error must have been plain, i.e., clear or obvious, and there must have been prejudice, i.e., the error must have affected the outcome of the lower court proceedings; reversal is warranted only when plain error that was not objected to resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Andrea Krause*, Prosecuting Attorney, and *J. Ronald Kaplansky*, Assistant Attorney General, for the people.

State Appellate Defender (by *Deborah Winfrey Keene*), for the defendant.

Before: GAGE, P.J., and METER and OWENS, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to ten to twenty-five years' imprisonment. According to defendant's seven-year-old son, defend-

ant and Robert Stray performed fellatio on him. Defendant appeals as of right. We affirm.

Defendant first argues on appeal that a hearsay statement made by Stray that inculpated defendant should not have been admitted as a declaration against Stray's interest. We disagree. The admissibility of evidence is reviewed for an abuse of discretion. *People v Bahoda*, 448 Mich 261, 289; 531 NW2d 659 (1995). An abuse of discretion is found when an unprejudiced person, considering the facts on which the trial court acted, would conclude that there was no justification or excuse for the ruling made. *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996).

The prosecution offered Stray's hearsay statements under MRE 804(b)(3) as statements made against the declarant's own penal interest.[1] *People v Poole*, 444 Mich 151, 159; 506 NW2d 505 (1993). Our Supreme Court in *People v Barrera*, 451 Mich 261, 268; 547 NW2d 280 (1996), stated that review of the admission of a statement against penal interest presents three subissues: "(1) whether the declarant was unavailable, (2) whether the statement was against penal interest, [and] (3) whether a reasonable person in the

---

[1] MRE 804(b)(3) provides that "[t]he following are not excluded by the hearsay rule if the declarant is unavailable as a witness:"

*Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

declarant's position would have believed the statement to be true . . . ."[2]

The first requirement for admission of Stray's statement is satisfied because it is undisputed that Stray was properly unavailable where he invoked his Fifth Amendment rights not to testify. *Barrera, supra* at 268; *People v Williams*, 136 Mich App 682, 686; 357 NW2d 741 (1984). Further, the statement clearly was against Stray's penal interest because Stray admitted that he committed fellatio on defendant's son, thereby exposing himself to prosecution for first-degree criminal sexual conduct.[3] MCL 750.520b(1)(a); MSA 28.788(2)(1)(a); *Barrera, supra* at 271-272. Finally, a reasonable person speaking to the police would clearly recognize the incriminating nature of an admission that he committed a reprehensible sexual

---

[2] The Court in *Barrera* set out four subissues to be considered when reviewing the admission of a statement against penal interest. *Barrera, supra* at 268. However, the statement being reviewed in that case was a declarant's statement offered to *exculpate* the defendants. *Id.* at 265. With respect to use of such statements against penal interest, MRE 804(b)(3) adds a fourth requirement: a statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. The *Barrera* Court therefore added the "corroborating circumstances" requirement as a fourth subissue for review. Because this case does not involve the use of an MRE 804(b)(3) statement to exculpate defendant, the fourth *Barrera* condition need not be considered. We note that this Court, in *People v Ortiz-Kehoe*, 237 Mich App 508, 517-518; 603 NW2d 802 (1999), applied all four factors from *Barrera* in the context of a case concerning the admission of statements by the defendant's brother that inculpated the defendant. For the reasons set forth above, we disagree that the fourth factor is applicable to review of the admission of a statement under MRE 804(b)(3) that inculpates a defendant. We are not bound by our prior decision because the (mis)application of the four factors established in *Barrera* by this Court in *Ortiz-Kehoe* did not constitute the holding of that case. MCR 7.215(H)(1).

[3] According to the record in this case, Stray was convicted of first-degree criminal sexual conduct in a separate trial. That case is currently on appeal to this Court.

act on a seven-year-old boy. *Id.* at 272. Therefore, the trial court properly concluded that Stray's statement was admissible pursuant to MRE 804(b)(3) against Stray. However, the question remains whether the statement was properly admitted against *defendant.*

Generally, we presume that a codefendant's inculpatory hearsay statement against another codefendant is unreliable and therefore inadmissible under MRE 804(b)(3). *People v Richardson*, 204 Mich App 71, 75; 514 NW2d 503 (1994). The entire hearsay statement of an accomplice may be admissible against an accused, however, where the declarant's inculpatory statement is made in narrative form, by his own initiative, and is reliable because as a whole it is against the declarant's own interest. *Poole, supra* at 161.

The admission of Stray's statement must not violate defendant's right to confrontation under the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20.[4] Admission of a hearsay statement by an unavailable declarant will not violate a defendant's right to confront his accusers if the state-

---

[4] Recently, in *People v Beasley*, 239 Mich App 548; 609 NW2d 581 (2000), this Court held that it was not bound by the decision of the United States Supreme Court in *Lilly v Virginia*, 527 US 116; 119 S Ct 1887; 144 L Ed 2d 117 (1999), holding that the defendant's Confrontation Clause rights were violated by the admission of a nontestifying accomplice's confession. *Beasley, supra* at 558-559. This Court observed that a majority of the United States Supreme Court had not agreed that the Confrontation Clause imposed a " 'blanket ban on the government's use of accomplice statements that incriminate a defendant . . . .' " *Beasley, supra* at 559, quoting *Lilly, supra* at 147. This Court further noted that it is bound by decisions of our own Supreme Court. *Beasley, supra* at 559. Therefore, this Court was compelled to follow binding precedent from its own Supreme Court instead of nonbinding precedent from the United States Supreme Court. *Id.* We are bound by our prior decision in *Beasley, supra,* and therefore do not evaluate this issue differently under the federal constitution.

ment falls within a firmly rooted hearsay exception or if it bears adequate indicia of reliability. *Poole, supra* at 162-163, citing *Ohio v Roberts*, 448 US 56, 66; 100 S Ct 2531; 65 L Ed 2d 597 (1980). Because Michigan has not recognized a declaration against interest as falling within a "firmly rooted hearsay exception," *Richardson, supra* at 77, Stray's statement must be examined to determine if it contains sufficient indicia of reliability. *Poole, supra* at 163.

This Court is charged with looking at each case on an individual basis for sufficient indicia of the reliability of the declarant's statement. *Id.* at 163-164. "The indicia of reliability necessary to establish that a hearsay statement has particularized guarantees of trustworthiness sufficient to satisfy Confrontation Clause concerns must exist by virtue of the inherent trustworthiness of the statement and may not be established by extrinsic, corroborative evidence." *Id.* at 164. The Court in *Poole, supra* at 165, stated:

> In evaluating whether a statement against penal interest that inculpates a person in addition to the declarant bears sufficient indicia of reliability to allow it to be admitted as substantive evidence against the other person, courts must evaluate the circumstances surrounding the making of the statement as well as its content.
>
> The presence of the following factors would favor admission of such a statement: whether the statement was (1) voluntarily given, (2) made contemporaneously with the events referenced, (3) made to family, friends, colleagues, or confederates—that is, to someone to whom the declarant would likely speak the truth, and (4) uttered spontaneously at the initiation of the declarant and without prompting or inquiry by the listener.
>
> On the other hand, the presence of the following factors would favor a finding of inadmissibility: whether the statement (1) was made to law enforcement officers or at the

prompting or inquiry of the listener, (2) minimizes the role or responsibility of the declarant or shifts blame to the accomplice, (3) was made to avenge the declarant or to curry favor, and (4) whether the declarant had a motive to lie or distort the truth.

Courts should also consider any other circumstance bearing on the reliability of the statement at issue. While the foregoing factors are not exclusive, and the presence or absence of a particular factor is not decisive, the totality of the circumstances must indicate that the statement is sufficiently reliable to allow its admission as substantive evidence although the defendant is unable to cross-examine the declarant. [Citation omitted.]

The totality of the circumstances in this case clearly indicates that the statement possessed sufficient indicia of reliability to be admitted against defendant despite his inability to cross-examine Stray. *Id.* at 165. Although Stray made his statement to a police officer, he appeared at the police station voluntarily and agreed to be questioned. Moreover, he made his statement after defendant told Stray that he (defendant) had told the truth and urged Stray to tell the truth, and after the police officer informed him that he was not in custody and was free to leave. As the trial court concluded, Stray's statement was given in a narrative form after the officer stated that defendant had told him the truth and that he now wanted "to hear [Stray's] side of it." Although specific follow-up questions were asked, Stray declined to further inculpate defendant and stated that he did not know if defendant digitally penetrated the victim's rectum. Stray did not shift the blame solely onto defendant; he admitted that he also engaged in fellatio with the victim. We conclude that those portions of the statement pertaining to defendant need not

have been severed because the whole statement was against Stray's penal interest and there were sufficient indicia of reliability "to provide the trier of fact a satisfactory basis for evaluating the truth of the statement" and thus to satisfy Confrontation Clause concerns. *Id.* at 164.

Defendant next argues that the prosecutor improperly bolstered the testimony of the victim and the victim's mother by asking them if they were telling the truth, and that this misconduct denied him due process and a fair trial. During trial, defendant failed to object to either of the comments made by the prosecutor. Appellate review of allegedly improper conduct by the prosecutor is precluded where the defendant fails to timely and specifically object; this Court will only review the defendant's claim for plain error. *People v Carines*, 460 Mich 750, 761-762; 597 NW2d 130 (1999).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. . . . Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." [*Id.* at 763-764 (citations omitted).]

We find that no prosecutorial misconduct occurred and that any prejudice that might have occurred

could have been eliminated had a curative instruction been given following a timely objection.

Prosecutorial misconduct issues are decided case by case, *People v Kelly*, 231 Mich App 627, 637; 588 NW2d 480 (1998), and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context. *People v Rice (On Remand)*, 235 Mich App 429, 435; 597 NW2d 843 (1999). Prosecutors may not make a statement of fact to the jury that is unsupported by the evidence, but they are free to argue the evidence and all reasonable inferences arising from it as they relate to the theory of the case. *Bahoda, supra* at 282. Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Jansson*, 116 Mich App 674, 693; 323 NW2d 508 (1982).

Here, the prosecutor's remarks during closing argument were not improper because the prosecutor was rebutting charges that the victim's mother caused the victim to fabricate the story. Similarly, the prosecutor's basis for asking the victim and his mother whether they had fabricated their stories was to rebut defense counsel's opening arguments. Otherwise improper prosecutorial remarks generally do not require reversal if they are responsive to issues raised by defense counsel. *People v Duncan*, 402 Mich 1, 16; 260 NW2d 58 (1977). No error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction. *People v Green*, 228 Mich App 684, 693; 580 NW2d 444 (1998). Had the defense raised the issue at trial, any error could have been cured by a timely instruction. Absent an objection, "the judge's instruc-

tion that arguments of attorneys are not evidence dispelled any prejudice." *Bahoda,* supra at 281; *Green,* *supra* at 693.

Moreover, the prosecutor during her closing arguments did not vouch for the victim's credibility. While it is improper for a prosecutor to vouch for the credibility of her witnesses, *Bahoda, supra* at 276, the prosecutor in this case did not suggest that it was her own belief that the victim was credible. Instead, the prosecutor merely argued that she believed the jury would reach the conclusion that, on the basis of the evidence presented, the victim was credible. The prosecutor need not state her argument in the blandest possible terms. *Ullah, supra* at 678. Our contextual review of the prosecutor's remarks leads us to conclude that the prosecutor "did not convey a message to the jury that [she] had some special knowledge or facts indicating the witness' truthfulness." *Bahoda, supra* at 277. Defendant has not established outcome-determinative plain error. *Carines, supra.*

Affirmed.