**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 7, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v

                                                  No. 117837

ROBERT RILEY,

    Defendant-Appellee.

_____

PER CURIAM

On the ground that the defendant's conviction for first-degree murder was based on inadmissible testimony, the Court of Appeals reversed the conviction, and remanded for entry of a judgment of conviction for a lesser offense. We reverse the judgment of the Court of Appeals and remand the case to that Court for consideration of the defendant's other appellate issues. The defendant waived any issue relating to the now-disputed testimony.

A man named Mark Seaton was murdered in June 1997. Defendant Robert Riley acknowledged being present at the scene near the time of the death, and he later was observed in the act of stealing property from the victim's apartment. Also involved in these events was a David Ware, whose whereabouts are unknown.

The defendant was charged with first-degree felony murder. MCL 750.316. The underlying felony was "the perpetration or attempted perpetration of a larceny."

After the prosecution rested, the defense called Mary McKinney as its only witness. Ms. McKinney is the mother of Mr. Ware. She had no personal knowledge concerning the death of Mr. Seaton, but she had told the police of incriminating statements made to her by her son. Her second-hand account to the police apparently included nothing concerning the defendant's involvement in the killing. The evident purpose of calling Ms. McKinney as a defense witness was to bolster the defense position that Mr. Ware alone was guilty of the murder.

Unfortunately for the defendant, Ms. McKinney's testimony at trial was more detailed than her rendition to the police had been. In telling the jury about her son's statements, she included details concerning the defendant's active participation in the binding and subduing of the decedent. Obviously, this was incriminating evidence against the defendant.

After Ms. McKinney completed her testimony and the jury was excused, defense counsel stated:

> Some information from——in regards to my conversation with Mr. Riley in reference to the witness that just testified, Ms. McKinney. I informed Mr. Riley this morning that Ms. McKinney was here, present, ready and willing to testify. I also advised him that there was a down side of calling her to the witness stand to testify, because this was eight months after the incident. That even though she gave information to the police back in July that incriminated her son, she could conceivably incriminate Mr. Riley if he test——if she testified today. He said that he understood that possibility. Was willing to take that risk, and advised me that he wanted her to testify.

The jury convicted the defendant as charged, and the circuit court imposed the mandatory sentence of life imprisonment.

The Court of Appeals reversed the defendant's conviction, and "remanded for entry of judgment of conviction of larceny in a building and for resentencing thereon."[1]

The prosecuting attorney has applied to this Court for leave to appeal.

## II

The Court of Appeals found Ms. McKinney's testimony to have been inadmissible. It then reversed on the ground that, without her testimony, there was insufficient evidence to convict the defendant of first-degree murder.

The Court of Appeals approached this as a Confrontation

---

[1] Unpublished opinion per curiam, issued July 21, 2000, reh den September 20, 2000 (Docket No. 211368).

Clause[2] case because the defendant was convicted on the basis of hearsay statements originally made by the nontestifying Mr. Ware. There having been no objection to the testimony, the Court of Appeals treated this as a case of unpreserved constitutional error, which is reviewed to determine whether "plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Applying the standards set forth in *People v Poole*, 444 Mich 151, 165; 506 NW2d 505 (1993), the Court concluded:

> After reviewing all of the circumstances surrounding the portion of the statement inculpating defendant, we are convinced that it lacked sufficient indicia of reliability to provide the jury with a satisfactory basis for evaluating the truth of the statement. The admission of the statement violated defendant's Confrontation Clause rights. There was no other evidence to corroborate that portion of McKinney's testimony. McKinney's own corrected written statement did not include the inculpatory hearsay. Absent McKinney's testimony, there was insufficient evidence to convict defendant of first-degree felony murder. Defendant's conviction on that charge is therefore reversed. However, since there was sufficient evidence to support a finding of guilty on the underlying felony, we remand for entry of judgment of a conviction for larceny from a building.

The Court added, "In light of our ruling, we decline to address defendant's other issues raised on appeal."[3]

---

[2] US Const, Am VI; Const 1963, art I, § 20.

[3] In a concurring opinion, Judge HOLBROOK agreed with the plurality of justices who said in *Lilly v Virginia*, 527 US 116, 134; 119 S Ct 1887; 144 L Ed 2d 117 (1999) (opinion of Stevens, J.), that "accomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence."

III

The Court of Appeals focus on the Confrontation Clause issue fails to heed this Court's admonition that constitutional issues should not be addressed where the case may be decided on nonconstitutional grounds. Or, as we said in *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993), "there exists a general presumption by this Court that we will not reach constitutional issues that are not necessary to resolve a case." Even if we assume that a constitutional Confrontation Clause issue is presented, it is not necessary to address that issue in order to resolve this case.

IV

As indicated, the Court of Appeals treated this as a case involving "unpreserved" error, since the defendant "did not object to the testimony at trial." However, the statement that the defendant "did not object" falls short of capturing the true state of affairs——Ms. McKinney was *called by the defense* for the specific purpose of giving hearsay testimony about what she had been told by an accomplice to the crime.

In this instance, therefore, the defendant's right to a trial free of such hearsay testimony was not merely unasserted. It was, for all practical purposes, affirmatively waived. The defendant himself brought Ms. McKinney to the witness stand, though the record is barren of any suggestion that she would be able to provide first-hand information.

The potential that her testimony would harm the

defendant's case also was knowingly waived. As indicated above, defense counsel says she warned the defendant that Ms. McKinney might incriminate him, but the defendant said that he understood, and was willing to take that risk. He asked that Ms. McKinney testify, nonetheless.

In evaluating this matter, we examine principles outlined in *People v Carter*, 462 Mich 206, 214, 215; 612 NW2d 144 (2000):

> The rule that issues for appeal must be preserved in the record by notation of objection is a sound one. *People v Carines*, 460 Mich 750, 762-765; 597 NW2d 130 (1999). Counsel may not harbor error as an appellate parachute. *People v Pollick*, 448 Mich 376, 387; 531 NW2d 159 (1995), quoting *People v Hardin*, 421 Mich 296, 322-323; 365 NW2d 101 (1984). "Deviation from a legal rule is 'error' unless the rule has been waived." *United States v Olano*, 507 US 725, 732-733; 113 S Ct 1770; 123 L Ed 2d 508 (1993).

> \* \* \*

> Waiver has been defined as "the 'intentional relinquishment or abandonment of a known right.' " *Carines*, *supra* at 762[-763], n 7, quoting *Olano*, *supra* at 733. It differs from forfeiture, which has been explained as "the failure to make the timely assertion of a right." *Id*. "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *United States v Griffin*, 84 F3d 912, 924 (CA 7, 1996), citing *Olano*, *supra* at 733-734. Mere forfeiture, on the other hand, does not extinguish an "error." *Olano*, *supra* at 733; *Griffin*, *supra* at 924-926.

The distinction between forfeiture and waiver is essential to a sound resolution of the present case. Forfeited error remains subject to appellate review in limited circumstances. *Carines*, 460 Mich 774. However, apparent error that has been waived is "extinguished." *Carter*, 462

6

Mich 215-216. When a court proceeds in a manner acceptable to all parties, it is not resolving a disputed point and thus does not ordinarily render a ruling susceptible to reversal. As we said more succinctly in *Carter*:

> Because defendant waived, as opposed to forfeited, his rights under the rule, there is no "error" to review. [462 Mich 219.]

For these reasons, the circuit court did not err in admitting the testimony of Ms. McKinney.[4] Accordingly, we reverse the judgment of the Court of Appeals, and remand this case to the Court of Appeals for consideration of the other issues raised by the defendant in that court. MCR 7.302(F)(1).

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

[4] On this record, we thus have no occasion to determine whether a defendant's rights under the Confrontation Clause can be violated by the admission of testimony from a witness called by the defense for the purpose of giving hearsay testimony.

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                                          No. 117837

ROBERT RILEY,

    Defendant-Appellee.

_____

KELLY, J. (*dissenting*).

I would grant leave to appeal rather than decide this case summarily. The per curiam opinion makes a superficial analysis, glossing over the difficult and complex issue underlying the prosecutor's appeal.

The prosecution raises the issue of waiver. It does not challenge the Court of Appeals conclusion that McKinney's changed account of Ware's statement was inadmissible hearsay and that, without it, there was insufficient evidence of first-degree murder.[1]

_____

[1] Defendant was convicted of first-degree felony murder
(continued...)

Waiver requires some affirmative act of approval, whereas forfeiture is the failure to object. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000), quoting *People v Carines*, 460 Mich 750, 762-763, n 7; 597 NW2d 130 (1999), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). The majority characterizes the fact that defendant called McKinney to the stand as an affirmative act that effectively waived appellate review of any of her hearsay testimony. In so doing, it denies defendant the right to be heard on her allegation of a Confrontation Clause violation. I cannot agree with the majority's analysis. I question whether one can waive review of a witness' testimony that had, when the witness was called, no more than a potential for harming one's case.

It should be noted that the majority does not advance the position that a party waives objection to any inadmissible evidence arising from the party's own witness. The holding is narrower than that. It states that a party waives the right to object to hearsay when it calls a witness for the purpose of eliciting hearsay testimony. In making that rule, it oversimplifies the testimony at issue and ignores the

---

[1] (...continued)
as an aider and abettor. It was and is without dispute that Ware killed the victim while Ware and defendant were stealing the victim's property. The only question was whether defendant assisted him in the murder in some manner.

following questions: Can a defendant's own witness ever utter hearsay testimony subject to a Confrontation Clause challenge? Does the fact that it was the defendant who called the witness become irrelevant when the witness makes hearsay statements prejudicial to the defense that were not part of the witness' earlier testimony?

The concept of waiver is based on the premise that a defendant should not be permitted to harbor error as an appellate parachute. See *Carter*, *supra*, 462 Mich 214. I agree that this defendant would be harboring error if he had elicited inadmissible hearsay testimony from his own witness only to challenge it on hearsay grounds. But that is not what occurred in this case.

Defendant called McKinney to testify, knowing that she had told the police that Ware admitted to her that it was he who had murdered the victim. McKinney had reviewed her own written statement to that effect and made corrections to it. The statement contained no indication that defendant had participated in the killing at all.

A review of the trial transcript shows that McKinney's testimony was admitted at trial over the prosecutor's objection. The trial court admitted it under the statement against interest exception to the general rule that hearsay is inadmissible. MRE 804(b)(3).

3

McKinney's testimony at trial was not altogether clear, particularly when she used pronouns in place of proper names. She initially stated that Ware had said that, while he was struggling with the victim, he told defendant to retrieve some tape from a nearby table. Defendant admitted as much in his own statement to the police, but denied giving the tape to Ware or using it to subdue the victim. It was only on cross-examination that McKinney stated that Ware told her that defendant "helped subdue" the victim using the tape. When defense counsel challenged McKinney with her written statement to the police, she testified that some details were not included there. She eventually stated, on re-cross-examination, "he did say that he bound his hands."

The fact that it was defendant who called McKinney to testify does not render the part of her testimony that is at issue more reliable.[2] A statement against a declarant's penal interest must be evaluated case by case to determine whether

_____

[2] The majority puts much emphasis on the fact that defendant was aware of the risk that McKinney would say something to incriminate him. To the extent that it is true in this case, it is true whenever a witness is called to testify. One can never be certain what a witness will say on the stand. The best one can hope for is that it will be consistent with the witness' past statements on the same matter. In this case, defendant had read McKinney's past statement to the police. A defendant should not be deemed to have waived objection to otherwise inadmissible testimony merely because he knew the witness might testify in a manner inconsistent with an earlier statement.

it evidences adequate indicia of reliability to satisfy Confrontation Clause concerns. *People v Poole*, 444 Mich 151, 163-164; 506 NW2d 505 (1993); *People v Schutte*, 240 Mich App 713, 718; 613 NW2d 370 (2000). Defendant argued, and the Court of Appeals agreed, that the portion of Ware's statement that McKinney had given the police was significantly more reliable than his statement as recounted by McKinney at trial.

This Court has outlined a nonexclusive list of factors that favor and disfavor the admission of a statement against interest. "[C]ourts must evaluate the circumstances surrounding the making of the statement as well as its content." *Poole*, *supra*, 444 Mich 165.

> The presence of the following factors would favor admission of such a statement: whether the statement was (1) voluntarily given, (2) made contemporaneously with the events referenced, (3) made to family, friends, colleagues, or confederates—that is, to someone to whom the declarant would likely speak the truth, and (4) uttered spontaneously at the initiation of the declarant and without prompting or inquiry by the listener.

> On the other hand, the presence of the following factors would favor a finding of inadmissibility: whether the statement (1) was made to law enforcement officers or at the prompting or inquiry of the listener, (2) minimizes the role or responsibility of the declarant or shifts blame to the accomplice, (3) was made to avenge the declarant or to curry favor, and (4) whether the declarant had a motive to lie or distort the truth.

> Courts should also consider any other circumstance bearing on the reliability of the

5

statement at issue. [*Id.*]

In light of those factors and after reviewing "all the circumstances surrounding the portion of the statement inculpating defendant," the Court of Appeals was "convinced that [the statement] lacked sufficient indicia of reliability to provide the jury with a satisfactory basis for evaluating the truth of the statement." However, the Court failed to set forth a detailed analysis. It is unclear what made the Court of Appeals distinguish one part of the statement from the other. Moreover, we do not know whether the Court evaluated the reliability of Ware's out-of-court statement or whether it focused on McKinney's testimony, itself.

The noninculpatory portion of a declarant's statement is admissible when given as part of a generally inculpatory narrative. *Poole*, *supra*, 444 Mich 161. However, that rule must succumb to a finding that one portion of the statement is significantly less reliable than another. See *id.* at 163-164; *Schutte*, *supra*, 240 Mich App 718. I believe that such a reliability distinction is sufficient to withstand the prosecution's waiver argument. By calling McKinney and eliciting reliable testimony admissible under the hearsay exception, defendant did not waive the right to challenge the unreliable portion of her testimony.

It is difficult to draw a distinction between the

6

reliability of the parts of the statement that were exculpatory and the reliability of those inculpatory to defendant. If the distinction can be made, I would agree with the Court of Appeals that the hearsay issue should be reviewed as an unpreserved, constitutional error. However, I am troubled by the possibility that the Court of Appeals applied the *Poole* reliability factors to McKinney, rather than to Ware's out-of-court statement.

Defendant argued before the Court of Appeals that it was appropriate to consider the circumstances surrounding McKinney's statement. The Court apparently considered those circumstances as an indication that Ware's statement was not reliable.

The hearsay rule is grounded on a defendant's right to confront witnesses against him. See *People v Meredith*, 459 Mich 62, 71; 586 NW2d 538 (1998); *Poole*, *supra*, 444 Mich 162-163; see also *Ohio v Roberts*, 448 US 56, 65; 100 S Ct 2531; 65 L Ed 2d 597 (1980). Whether the Court of Appeals acted properly in finding this hearsay challenge an unpreserved, not waived, Confrontation Clause issue depends on the validity of its distinction between the two parts of McKinney's testimony.

We review the Court of Appeals decision in this case for clear error. MCR 7.302 (B)(5); see also *People v Stafford*, 434 Mich 125, 134; 450 NW2d 559 (1990). Without full briefing

7

and oral argument on leave granted, we cannot adequately analyze this complex issue and determine whether the Court of Appeals decision was clearly erroneous.  Therefore, the case is inappropriate for per curiam resolution.  I would grant leave to appeal.

CAVANAGH, J., concurred with KELLY, J.