Kelly, J.
(dissenting). I would grant leave to appeal rather than decide this case summarily. The per curiam opinion makes a superficial analysis, glossing over the difficult and complex issue underlying the prosecutor’s appeal.
The prosecution raises the issue of waiver. It does not challenge the Court of Appeals conclusion that McKinney’s changed account of Ware’s statement was inadmissible hearsay and that, without it, there was insufficient evidence of first-degree murder.[1]
Waiver requires some affirmative act of approval, whereas forfeiture is the failure to object. People v Carter, 462 Mich 206, 215; 612 NW2d 144 (2000), quoting People v Carines, 460 Mich 750, 762-763, n 7; 597 NW2d 130 (1999), quoting United States v Olano, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). The majority characterizes the fact that defendant called McKinney to the stand as an affirmative act that effectively waived appellate review of any of her hearsay testimony. In so doing, it denies defendant the right to be heard on her allegation of a Confrontation Clause violation. I cannot agree with the major *451 ity’s analysis. I question whether one can waive review of a witness’ testimony that had, when the witness was called, no more than a potential for harming one’s case.
It should be noted that the majority does not advance the position that a party waives objection to any inadmissible evidence arising from the party’s own witness. The holding is narrower than that. It states that a party waives the right to object to hearsay when it calls a witness for the purpose of eliciting hearsay testimony. In making that rule, it oversimplifies the testimony at issue and ignores the following questions: Can a defendant’s own witness ever utter hearsay testimony subject to a Confrontation Clause challenge? Does the fact that it was the defendant who called the witness become irrelevant when the witness makes hearsay statements prejudicial to the defense that were not part of the witness’ earlier testimony?
The concept of waiver is based on the premise that a defendant should not be permitted to harbor error as an appellate parachute. See Carter, supra, 462 Mich 214. I agree that this defendant would be harboring error if he had elicited inadmissible hearsay testimony from his own witness only to challenge it on hearsay grounds. But that is not what occurred in this case.
Defendant called McKinney to testify, knowing that she had told the police that Ware admitted to her that it was he who had murdered the victim. McKinney had reviewed her own written statement to that effect and made corrections to it. The statement contained no indication that defendant had participated in the killing at all.
*452 A review of the trial transcript shows that McKinney’s testimony was admitted at trial over the prosecutor’s objection. The trial court admitted it under the statement against interest exception to the general rule that hearsay is inadmissible. MRE 804(b)(3).
McKinney’s testimony at trial was not altogether clear, particularly when she used pronouns in place of proper names. She initially stated that Ware had said that, while he was struggling with the victim, he told defendant to retrieve some tape from a nearby table. Defendant admitted as much in his own statement to the police, but denied giving the tape to Ware or using it to subdue the victim. It was only on cross-examination that McKinney stated that Ware told her that defendant “helped subdue” the victim using the tape. When defense counsel challenged McKinney with her written statement to the police, she testified that some details were not included there. She eventually stated, on re-cross-examination, “he did say that he bound his hands.”
The fact that it was defendant who called McKinney to testify does not render the part of her testimony that is at issue more reliable.[2] A statement against a declarant’s penal interest must be evaluated case by case to determine whether it evidences adequate indicia of reliability to satisfy Confrontation *453 Clause concerns. People v Poole, 444 Mich 151, 163-164; 506 NW2d 505 (1993); People v Schutte, 240 Mich App 713, 718; 613 NW2d 370 (2000). Defendant argued, and the Court of Appeals agreed, that the portion of Ware’s statement that McKinney had given the police was significantly more reliable than his statement as recounted by McKinney at trial.
This Court has outlined a nonexclusive list of factors that favor and disfavor the admission of a statement against interest. “[C]ourts must evaluate the circumstances surrounding the making of the statement as well as its content.” Poole, supra, 444 Mich 165.
The presence of the following factors would favor admission of such a statement: whether the statement was (1) voluntarily given, (2) made contemporaneously with the events referenced, (3) made to family, friends, colleagues, or confederates—that is, to someone to whom the declarant would likely speak the truth, and (4) uttered spontaneously at the initiation of the declarant and without prompting or inquiry by the listener.
On the other hand, the presence of the following factors would favor a finding of inadmissibility: whether the statement (1) was made to law enforcement officers or at the prompting or inquiry of the listener, (2) minimizes the role or responsibility of the declarant or shifts blame to the accomplice, (3) was made to avenge the declarant or to curry favor, and (4) whether the declarant had a motive to he or distort the truth.
Courts should also consider any other circumstance bearing on the reliability of the statement at issue. [Id.]
In light of those factors and after reviewing “all the circumstances surrounding the portion of the statement inculpating defendant,” the Court of Appeals was “convinced that [the statement] lacked sufficient indicia of reliability to provide the jury with a satis *454 factory basis for evaluating the truth of the statement.” However, the Court failed to set forth a detailed analysis. It is unclear what made the Court of Appeals distinguish one part of the statement from the other. Moreover, we do not know whether the Court evaluated the reliability of Ware’s out-of-court statement or whether it focused on McKinney’s testimony, itself.
The noninculpatory portion of a declarant’s statement is admissible when given as part of a generally inculpatory narrative. Poole, supra, 444 Mich 161. However, that rule must succumb to a finding that one portion of the statement is significantly less reliable than another. See id. at 163-164; Schutte, supra, 240 Mich App 718. I believe that such a reliability distinction is sufficient to withstand the prosecution’s waiver argument. By calling McKinney and eliciting reliable testimony admissible under the hearsay exception, defendant did not waive the right to challenge the unreliable portion of her testimony.
It is difficult to draw a distinction between the reliability of the parts of the statement that were exculpatory and the reliability of those inculpatory to defendant. If the distinction can be made, I would agree with the Court of Appeals that the hearsay issue should be reviewed as an unpreserved, constitutional error. However, I am troubled by the possibility that the Court of Appeals applied the Poole reliability factors to McKinney, rather than to Ware’s out-of-court statement.
Defendant argued before the Court of Appeals that it was appropriate to consider the circumstances surrounding McKinney’s statement. The Court apparently *455 considered those circumstances as an indication that Ware’s statement was not reliable.
The hearsay rule is grounded on a defendant’s right to confront witnesses against him. See People v Meredith, 459 Mich 62, 71; 586 NW2d 538 (1998); Poole, supra, 444 Mich 162-163; see also Ohio v Roberts, 448 US 56, 65; 100 S Ct 2531; 65 L Ed 2d 597 (1980). Whether the Court of Appeals acted properly in finding this hearsay challenge an unpreserved, not waived, Confrontation Clause issue depends on the validity of its distinction between the two parts of McKinney’s testimony.
We review the Court of Appeals decision in this case for clear error. MCR 7.302 (B)(5); see also People v Stafford, 434 Mich 125, 134; 450 NW2d 559 (1990). Without full briefing and oral argument on leave granted, we cannot adequately analyze this complex issue and determine whether the Court of Appeals decision was clearly erroneous. Therefore, the case is inappropriate for per curiam resolution. I would grant leave to appeal.
Cavanagh, J., concurred with Kelly, J.

 Defendant was convicted of first-degree felony murder as an aider and abettor. It was and is without dispute that Ware killed the victim while Ware and defendant were stealing the victim’s property. The only question was whether defendant assisted him in the murder in some manner.

 The majority puts much emphasis on the fact that defendant was aware of the risk that McKinney would say something to incriminate him. To the extent that it is true in this case, it is true whenever a witness is called to testily. One can never be certain what a witness will say on the stand. The best one can hope for is that it will be consistent with the witness’ past statements on the same matter. In this case, defendant had read McKinney’s past statement to the police. A defendant should not be deemed to have waived objection to otherwise inadmissible testimony merely because he knew the witness might testify in a manner inconsistent with an earlier statement.