*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEANTE MARTEZ KIYA,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2019

No. 340965
Jackson Circuit Court
LC No. 16-005352-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

BOONSTRA, J. (*dissenting*).

I respectfully dissent. I would hold that, although some of the prosecution's statements were inappropriate, they did not rise to the level of plain error requiring reversal.

As the majority correctly states, this Court reviews an unpreserved issue under the plain error standard set forth in *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). See *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). When reviewing a defendant's claim of prosecutorial misconduct, a reviewing court "must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context." *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000) (citations omitted). "Generally, prosecutors are accorded great latitude regarding their arguments and conduct." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (quotation marks and citations omitted). A prosecutor may argue the evidence as it relates to the facts and the prosecutor's theory of the case. *Id*. However, "prosecutors should not resort to civic duty arguments that appeal to the fears and prejudices of jury members or express their personal opinion of a defendant's guilt, and must refrain from denigrating a defendant with intemperate and prejudicial remarks." *Id*. at 282-283.

In this case, the prosecution stated during its opening statement that it believed the biggest issue in Jackson County to be heroin abuse:

> You know, as an Assistant Prosecutor I get asked often, what's the biggest problem with Jackson? And I don't even have to hesitate. I mean it easily comes to my mind. Heroin. Not a single question about it. It affects people's lives

every single day. You've heard how many people's lives it affected just in the jury pool.

And that's the reason why we are here today, because the defendant in this case is one of the people that's selling that poison to the people on the streets.

Further, during closing arguments, the prosecution stated:

All right. It's funny, I was talking to my kids the other day, I have three young kids and we were going over some of the things that scare them like monsters under the bed, things in the closet, things like that and I—I started thinking about, God, you know, I'm forty years old and there's not a whole lot that scares me anymore.

But heroin does. Heroin terrifies me. I sit here everyday [sic] and see something involving heroin. Everyday [sic] somebody is dying of heroin. It affects everybody. And as I mentioned before, this gentleman over here is selling that poison on our streets to make some money. Twenty dollars here and there.

Finally, the prosecution stated at the close of its rebuttal argument:

[Defendant is] what I like to call a dealer of death, because that's what these heroin dealers are, they're—they're dealing out death.

People are dying for it everyday [sic] and I think it's time that they're held accountable. And I ask that you find him guilty.

I agree with the majority that many of these statements, specifically the statements concerning "heroin dealers" generally and the statement that "it's time that they're held accountable," improperly appealed to the jury's civic duty to address the heroin problem in Jackson County, and therefore injected issues broader than defendant's guilt or innocence into the judicial proceedings. *Bahoda*, 448 Mich at 282. However, the trial court instructed the jury that it was required to decide the case on the evidence and that the attorneys' statements and arguments were not evidence. The trial court also instructed the jury that it "must not let sympathy or prejudice influence [its] decision."

Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). I am not convinced that the trial court's instructions were insufficient to cure the prejudicial effect of the prosecution's statements. See *Bahoda*, 448 Mich at 281; *Ackerman*, 257 Mich App at 449. More importantly, I believe that defendant has not demonstrated that no curative instruction, if requested, could have cured the error. *People v Callon*, 256 Mich App 312, 329-340; 662 NW2d 501 (2003). For example, had defendant objected to aspects of the prosecution's opening statement, the trial court could not only have issued a curative instruction reminding the jury not to consider issues broader than the guilt or innocence of this particular defendant, but could have warned the prosecution against making such statements in the future, therefore preventing further improper statements, including during closing arguments. See *People v Riley*, 465 Mich 442,

448; 636 NW2d 514 (2009). We should not permit a defendant, whether deliberately or not, to harbor an "appellate parachute" by failing to raise any objection to the prosecution's improper statements, when such an objection would afford the trial court an opportunity to deal with them as they occur. I would therefore hold that defendant did not establish that the prosecution's statements, reviewed in the context of the case, constituted plain error requiring reversal. See *Carines*, 460 Mich at 763.

Further, I would hold that defendant has not demonstrated that the prosecution's statements seriously affected the fairness, integrity, or public reputation of the trial or resulted in the conviction of an innocent defendant. See *id.* The evidence against defendant at trial was strong, and included testimony from an undercover officer who directly purchased heroin from defendant. Although the majority points to some perceived weaknesses in the prosecution's case, it acknowledges that the evidence was sufficient to support defendant's conviction. And, although I agree with the majority that the prosecution made impermissible statements, I am far from convinced that the prosecution employed a strategy of seeking a conviction based on appeals to the jury's civic duty, rather than presenting evidence of defendant's specific guilt. The prosecution's improper statements were confined to its opening statement and closing argument; in between those statements it presented a solid, evidence-based case for defendant's conviction. I would conclude that defendant was not deprived of his right to a fair trial and that defendant is not entitled to the reversal of his conviction and sentence. See *Carines*, 460 Mich at 763-764; *Bahoda*, 448 Mich at 266-267.

For these reasons, I would affirm defendant's conviction.


/s/ Mark T. Boonstra

-3-